## ROGERS *vs.* LAW.

1. A claim for money lent where no demand for payment was made of the borrower in his lifetime against his executors until thirty-three years after the date of the loan, is properly rejected by a court of equity on distribution of the borrower's estate.

2. L. and wife conveyed to trustees the interest of the wife in certain estates, to be converted into money and invested by the trustees for the use of the wife during life, after her death for the use of the husband, and after the death of both to their daughter; and L. covenants that whenever it shall be ascertained and known what sum will thus be secured to the daughter, he will immediately thereupon secure to her a like sum to be paid out of his own estate. *Held*, that the value of the interest conveyed to the trustees for the ultimate use of the daughter must be ascertained by the conversion of the property into money or its equivalent, and such conversion is a condition precedent to the obligation of the father to secure a like sum to the daughter.

3. Testator gave certain legacies to his grandchildren, annexing to the legacies the condition that if either of the legatees shall claim, ask, or demand, sue for, recover or receive any part or portion of his estate, rights, or credits, either in his lifetime or after his decease, under or by virtue of certain deeds, (particularly describing them,) then and in that case the bequest, &c., should be void. One of the grandchildren died under age. Upon the distribution of the testator's estate the two surviving grandchildren set up a claim under the interdicted deeds, and in the same proceeding they demanded the legacies. The claim under the deeds was finally disallowed on its own demerits. *Held*, that by setting up that claim the grandchildren forfeited their right to the legacies.

4. A condition annexed to a legacy that the legatee shall make no claim or demand upon the testator's estate for a debt which, if not relinquished, might be recoverable, is lawful, and if the legatee accepts the testator's bounty he must take it *cum onere*.

Appeal from the decree of the Circuit Court of the United States for the District of Columbia.

This was a proceeding for the distribution of the estate of Thomas Law, deceased, among his creditors and legatees.

The same cause was here before, and is reported as *Adams et al.* vs. *Law,* in 17 Howard, 417. It was then remanded, and was further proceeded in according to the opinion of this court. The questions which arose afterwards were on the following claims:

1. Lloyd N. Rogers made a claim as creditor for money lent in 1822. It was not shown that this debt had ever been demanded of the decedent in his lifetime, nor of his executors before 1855.

2. Lloyd N. Rogers also claimed as creditor under the deed which will be found described in the opinion of Mr. Justice *Nelson.*

3. The two children of Lloyd N. Rogers and the administrator of a third one, deceased, (grandchildren of the testator,) claimed legacies of $8,000 each. These legacies were given upon the condition that the legatees should not claim or demand, sue for, or receive any portion of the testator's estate under certain deeds mentioned and described in the will.

*Mr. Mason Campbell,* of Maryland, for the appellants. 1. The fact of the loan by Mr. Rogers to Mr. Law in 1822 is established; the only objection worthy of notice is that arising out of the lapse of time. The statute of limitations is not interposed by the residuary legatee, but by Mr. May, administrator of two specific legatees. They have no interest in the question. Enough will be left to pay them, whether this claim be allowed or not. But by the law of Maryland (which is the law of the District) it can be set up only by the executor, who in this case has not pleaded it. *Bowling* vs. *Lamar,* (1 Gill, 362;) *Spencer* vs. *Spencer,* (4 Mar. Ch., 465.)

2. The validity of the claim of Mr. Rogers under the deed to Calvert and Peter was affirmed by this court on the first appeal; but assuming that it was not, it should be affirmed now. The auditor has overlooked the evidence on this point, which shows that the value of the property secured to Mrs. Rogers by that deed was $36,552 45; and Mr. Law's covenant pledged his estate to an equal amount.

3. The claims of the legatees were erroneously rejected by

*Rogers vs. _.aw.*

the court. In this the court committed the grave error of supposing that the case was one of election. The claims of these legatees, under the deeds mentioned in the will, are as creditors, and creditors are never put to an election. *Kidney* vs. *Coussmaker*, (12 Ves., 154;) *Deg* vs. *Deg*, (2 P. Wms., 418;) 2 Wms. on Exrs., 888.; 2 Story Eq., § 1075. The doctrine of election is wholly inapplicable here. It is founded altogether upon an implied condition that he who accepts a benefit under an instrument must renounce all inconsistent benefits, and as the courts imply the condition they give the party affected by it his right of choice between the two. 1 White's Lead. Cas. in Eq., 233. But where the testator himself expresses the condition none can be implied, and such is this case. This condition has not been broken. Eliza P. Rogers, one of the legatees, died under age and unmarried, and never received a dollar. The acts of her brother and sister cannot affect her interests. Ward on Legacies, 139. The other two legatees claimed nothing prior to this suit. What they claimed here was declared by this court to be without foundation. The other claims, under the marriage settlement, are made exclusively by their father. There has been no money received by any of the family from Mr. Law's estate, on any of the accounts interdicted by him. Suppose, however, the condition to have been broken, there is no bequest over, and so the condition is merely *in terrorem*, and will not work a forfeiture. 2 Wms. on Exrs., 790; 2 Jarm. on Wills, 46; Ward on Legacies, 139; *Wheeler* vs. *Bingham*, (3 Atk., 368.)

*Mr. May* and *Mr. Brent*, of Maryland, for appellees. 1. Mr. Rogers withheld his claims, as creditor, until this cause was remanded. His claim for money lent to Mr. Law in 1822 is altogether stale. The plea of limitations is sufficiently relied on by the residuary devisee, and the auditor so reports. This is sufficient in equity. *McCormick* vs. *Gibson*, (3 Bl., 499;) 1 Mary. Dig., 411; *Binney's case*, (2 Bl., 99;) *Warfield* vs. *Banks*, (11 Gill & Johnson, 98.) It is true that in actions by creditors against the executor or administrator, in re-

spect to personal estate, the statute can be pleaded only by the personal representative. But this contest practically relates to the proceeds of Mr. Law's real estate. Besides this, the objection of staleness need not be made by exception or plea. _Lingan_ vs. _Henderson_, (1 Bl., 236 ;) _Salmon_ vs. _Clagett_, (3 Bl., 125 ;) 1 Md. Dig., 411; _Hepburn's case_, (3 Bl., 95 ;) 2d Md. Ch. Dec., 231.

2. These remarks apply equally to Mr. Rogers's claim under the deed, and that claim must also fail on its merits. Mr. Law did not covenant to pay any sum until he had notice of the ascertained value of the funds received by Peter and Calvert, as trustees for the use of his daughter. There is no proof which tends to show that any property ever came to the trustees for the purposes of that trust. Nor is there any proof of his ever having had the enjoyment of the residuum of his wife's trust estate, for which he had stipulated.

3. It is too clear for argument that the testator designed to give those legacies to his grandchildren, on the express condition that neither they nor any one of them should claim anything out of his estate by reason of those deeds. Such an intention is legal. 6 Page, 388; 1 Eden., 492; 2 Amb., 157; 8 Gill, 203; 5 Md. Rep., 306; 2 Gill, 181.

Mr. Justice NELSON. This is an appeal from a decree of the Circuit Court of the Unites States for the District of Columbia.

The appeal is from a decree of the court below, entered there upon the going down of the mandate of this court, in pursuance of its decision when the case was formerly here, on an appeal by the executor and trustee of the estate of Thomas Law, the settlement of which is the subject of litigation.

The case is reported in the 17 How., 417. This court reversed so much of the decree in the court below as gave to the grandchildren of the testator by Eliza, his daughter, wife of Lloyd N. Rogers, an interest, under certain limitations, in the deed of marriage settlement of the 19th March, 1796, amounting to the sum of $66,154 81, and affirmed the residue of said

decree. This sum, by the decision, fell, of course, into the residuum of the estate of Law, for distribution among the creditors, legatees, and distributees.

When the case came again before the auditor appointed by the court below, several claims were presented for allowance, which were heard and examined by him, and his decision thereon reported to the court; and, after exceptions and argument, the report was confirmed. These several claims are now the subject of review by this court, upon the present appeal.

The first is a claim by Lloyd N. Rogers, as a creditor of the estate, and is founded upon an alleged loan of money to the testator, Law, as early as 1822. This claim was rejected by the auditor, upon the ground the proofs were not satisfactory that the loan had ever been made by Rogers. The lapse of time, also, since it was alleged to have been made, some thirty-three years, without, for aught that appears, presenting it to the testator in his lifetime, or against the estate since his death, strongly confirms the conclusion of the auditor. We think the item was properly rejected.

The next claim is also by Lloyd N. Rogers, as a creditor of the estate, and is founded upon a deed executed by Thomas Law, the testator, and Eliza Parke Law, his wife, on the 9th August, 1804, to George Calvert and Thomas Peter. The deed conveys to the grantees all the right and interest, real or personal, of Eliza P., the wife, and of Thomas Law, the husband, in right of his wife, to which she might or would be entitled from the estate of George Washington, or from the estate of her father, John Parke Custis, in trust, to convert the same into money, &c., &c., and to apply the interest or income of $10,000 to the sole use of the said Eliza P. during her lifetime. This sum was also made subject to her absolute disposition by will, or, in case of dying intestate, to be conveyed to her heirs; and, after deducting the $10,000 from the fund, to apply the rents, issues, and profits of the residue to the sole use and benefit of the said Eliza P., for and during her life, and, after her death, to pay the said income to Thomas Law, the husband, (if then living,) for and during his life; and after the death of both, then to convey the whole of the residue to

Eliza, the daughter. And then comes the covenant of Thomas Law, which constitutes the ground of the present claim. The said Thomas covenants, to and with the trustees, that whensoever the full amount and value of the funds shall be ascertained and known, which may or shall come to their (the trustees') hands, in virtue of this trust, and it can be thereby ascertained what sum shall be secured, to come ultimately therefrom to his said daughter, Eliza, after the death of her father and mother, *that he will immediately thereupon secure to his said daughter a like sum, to be paid to her out of his estate at the death of her said father and mother.*

It will be seen by this deed that it was made the duty of the trustees, as soon as practicable, and without sacrifice of the interest of Mrs. Law in the estates of George Washington, and her father, John Parke Custis, to convert the property into money, and invest the same in stock or other securities; and, after setting apart the sum of $10,000 assigned to her absolutely, the income of the residue was to be applied to her for life, and, after her death, to the husband, if he survived, for life; and, at his death, the whole, principal and interest, to be transferred to Eliza, the daughter. And it was this residue, thus ultimately to be transferred to her, which, when ascertained and known, the father covenanted immediately thereupon to secure to her a like sum, to be paid out of his estate at the death of both parents. The conversion of the residue of the estate thus limited, and ascertainment of the amount of it in money or stocks or other securities, as prescribed in the deed, are, by the very terms of the covenant, a condition precedent to the obligation of the father to secure a like sum to the daughter. An appraisal or valuation of this residue of Mrs. Law's interest in the two estates will not answer the condition. The amount must be ascertained by a conversion of the property into money, or its equivalent. This is not only the fair meaning of the terms of the covenant, but the obvious intent of the parties in the connection in which it is found.

This being, in our view, the true construction of the covenant, it is only necessary to say, that there was no evidence before the auditor that its condition had been complied with,

either in the lifetime of the testator or since his death. We are of opinion, therefore, that the claim was properly rejected.

The third claim arises upon a codicil to the will of the testator, Thomas Law, which bequeaths to the three grandchildren, the children of his daughter Eliza by Lloyd N. Rogers, $8,000 each, upon this express condition, that if the grandchildren, as heirs or devisees of their late grandmother, Mrs. Law, shall claim or demand, &c., any portion of his estate, rights, or credits, under or by virtue of certain indentures in the said codicil specially enumerated, then, and in that case, the bequest in the codicil to be null and void.

The other legatees under the will of the testator object to the allowance of these three legacies, for the reason that the condition upon which they were to become null and void has happened, namely, a claim against the estate of the testator as heirs or representatives of their grandmother, Mrs. Law. The auditor, after stating the facts of the case as presented to him, and the question of law arising out of them, referred it to the court below for their direction.

The court held, that the sum of $32,585 76, which had been awarded to Lloyd N. Rogers, as administrator of Eliza, his wife, and which was claimed and allowed under one of the interdicted deeds, and which belonged to her children, as distributees, if claimed, or received by them, would be inconsistent with their right to the legacies according to the condition of the bequest, and by the decree gave the choice to the legatees to take the legacies under the will, or the distributive shares of the fund. The court were of opinion that no claim had yet been made for the distributive shares; but that, according to the true meaning of the bequest, the legatees were not entitled to both funds, and that, for the purposes of the settlement of the estate, they should be put to their election within a time mentioned. We are inclined to think, upon the facts in the case, a claim had already been made of the fund by the legatees and those representing them, which came from the estate of the testator through their grandmother, under and by virtue of one of the interdicted deeds, and which operated to annul the legacies; but, as the views of the court

below, and the decree in pursuance thereof, lead to the same result substantially; it is unnecessary to interfere with them.

The condition upon which the legacies were to fall is very specific and explicit: that "if the said children," "or either of them, or any person or persons on their behalf or account, or in behalf or on account of either of them, as heir or heirs-at-law, or devisees or devisee of their grandmother," "shall claim, ask, or demand, sue for, recover, or receive any part or portion of my estate, rights or credits, either in my lifetime or after my decease, under or by virtue of certain indentures —enumerating three—or under or by virtue of any other indenture," "which the said Thomas Law and E. P. Law, or E. P. Custis, meaning Mrs. Law, may have been parties, or to which any other person or persons with the said Thomas Law may have been parties for the benefit of E. P. Law, or E. P. Custis, or her heirs; then, and in that case, the bequest, &c., shall be null and void."

Besides the distributive shares to the grandchildren, which the court below held as coming from one of the interdicted deeds, and inconsistent with the condition upon which the bequests of the legacies were made, the two surviving grandchildren had set up a claim in that court to an interest amounting to the sum of $66,154 84, under the interdicted deeds of 1796, 1800, and 1802, and which sum was awarded to them by the decree of the court. On an appeal to this court the decree was reversed, and the claim disallowed, as will be seen in the report of the case already referred to. We are of opinion this claim and litigation were in violation of the condition annexed to the bequest of the legacies. The legatees are forbidden to claim, ask, demand, sue for, recover, or receive any portion of the estate of the testator under these deeds, as the representatives of their grandmother.

The testator in his will had stated his fears that he had settled upon the children of his daughter—these grandchildren —more than the other grandchildren would receive from his estate, unless his property should rise in value, in which case he would make another will. This impression, doubtless, led to the stringent condition annexed to the bequest in the codicil

which was executed nearly two years later.   The condition is not put upon the possession, recovery, or receipt of any portion of his estate under these deeds, but upon a claim or demand, or suit for the same; and the testator directs, if the terms of the bequest are not acceptable to the grandchildren, that his executor shall contest with them to the utmost their right to claim the legacies.   It may well, we think, be doubted, if the judgment of the court against their claim, under these deeds, after a long and expensive litigation, can save the legacies from a breach of the condition.   The very special terms of it would seem to have been intended to save the estate from any such litigation, so far as regarded the right to the enjoyment of the legacies.

An objection was taken, on the argument, to the legal effect and operation of this condition, but we entertain no doubt as to its force and validity.   The condition is lawful, and one which the testator had a right to annex in the disposition of his own property.   The legatees are not bound to accept the bequest, but, if accepted, it must be subject to the disabilities annexed; it must be taken *cum onere*, or not at all.

There are some other items of minor importance, to which exceptions have been taken, but we see no well-grounded objection to them.

*The decree of the court below affirmed.*