SOLOMON C. BROTT and ANNA BROTT, Plaintiffs, v. ALICE ISABELLA DAVIDSON and JOHN P. DAVIDSON, Respondents, Impleaded with Others.

MICHAEL F. O'CONNOR, Appellant.

*Attorney and client — summary order that an attorney repay money which he has wrongfully withdrawn from the custody of the court.*

After the commencement of an action to foreclose a mortgage, the defendants procured an *ex parte* order permitting them to pay into court $482.42, the amount admitted by them to be due on the mortgage. The action was tried and resulted in a decision that $83.20 was due upon the mortgage and a decree was entered adjudging that, upon the payment of that sum to the plaintiffs, the complaint should be dismissed. The defendants paid such amount and thereafter paid the full amount of the mortgage and took a satisfaction thereof.

Subsequently the plaintiffs' attorney, with knowledge that the $83.20 decreed to be paid by the court had been paid, as well as the full amount of the mortgage, and that a satisfaction had been given, went to the county treasurer and drew out the moneys which the defendants had previously deposited in court.

*Held*, that an order summarily directing the plaintiffs' attorney to pay to the defendants the money withdrawn by him from the custody of the court should be affirmed.

APPEAL by Michael F. O'Connor, the plaintiffs' attorney, from an order of the Supreme Court, made at the St. Lawrence Special Term and entered in the office of the clerk of the county of Saratoga on the 21st day of August, 1903, directing that the appellant pay to the defendants, Alice Isabella Davidson and John P. Davidson, certain moneys paid into court by them.

*H. D. Bailey*, for the appellant.

*J. W. Atkinson*, for the respondents.

HOUGHTON, J.:

The action herein was brought to foreclose a mortgage, and the appellant O'Connor was plaintiffs' attorney. After the commencement of the action the defendants, *ex parte*, procured an order permitting them to pay into court $482.42, the amount admitted by them to be due upon the mortgage. The order was peculiar, in that it provided that said moneys should be paid out of court to the plaintiffs or their attorney.

The defendants plead that prior to beginning the action they had made this same tender and desired to keep it good by payment into court.   Other defenses set up in the answer included one that there had been a valid extension of the time of payment, and that nothing was due upon the mortgage.

The action came on for trial and resulted in a decision that only eighty-three dollars and twenty cents was due upon the mortgage to the plaintiffs, and a decree was entered that upon the payment of that sum, within ten days, by defendants to the plaintiffs, the complaint should be dismissed, without costs to either party.

On the third day of June the defendants paid this amount, and on the fifth day of June following they paid the full amount of the mortgage, with interest, to the holder thereof, and took a satisfaction.   H. D. Bailey was the attorney in fact for the holder of the mortgage, and executed the satisfaction in her name.   O'Connor had an office with Bailey and took his acknowledgment to the satisfaction.   Bailey had acted as counsel with O'Connor, who had refused to accept the money due upon the mortgage without the concurrence of his counsel.   He, therefore, knew that the $83.20, decreed by the court, had been paid as well as the full amount of the mortgage, and that a satisfaction had been given.   Notwithstanding this, on the sixteenth day of June following he went to the county treasurer and drew out the $482.42 which the defendants had previously deposited in the action.

It is quite apparent that courts cannot sanction any such conduct as this on the part of its officers.   The Special Term was right in summarily directing the attorney to restore the money which he had thus drawn from the custody of the court.   It is no justification of the appellant's position to say that when the defendants deposited the money in court they parted company with and had no further rights concerning it.   This is the ordinary rule.   In the present case, however, full payment of the mortgage had been accepted outside the money deposited for that purpose.   The appellant knew that this had been done, and his subsequent withdrawal of the money was a fraud on the court and the wrongful appropriation of the funds in its custody.

The court has power to compel an attorney to restore money paid even under a misapprehension.  (*Moulton* v. *Bennett*, 18 Wend.

586; *Shotwell* v. *Dixon,* 66 App. Div. 123.) So, money in the custody of the court, fraudulently withdrawn, may be summarily ordered to be restored. (*Keiley* v. *Dusenbury,* 42 N. Y. Super. Ct. 238.)

The acceptance of the full amount due on the mortgage and the giving of a satisfaction might well be said to constitute a waiver of any right to the moneys deposited for the purpose of paying the mortgage. It would have been better had the defendants asked the court for permission to apply the money on deposit to the satisfaction of the mortgage; but having paid it outside those moneys, neither the plaintiffs nor their attorney had the right to withdraw the money and thus obtain payment of the mortgage the second time.

The order should be affirmed, with ten dollars costs and disbursements.

All concurred.

Order affirmed, with ten dollars costs and disbursements.