[L. A. No. 2378.  In Bank.—August 11, 1909.]

In the Matter of the Estate of R. R. MILLER, Deceased.
DELIA F. MILLER, Appellant.

WILL—FORFEITURE IN EVENT OF CONTEST—PROBABLE CAUSE FOR CONTEST.—A provision in a will providing for the forfeiture of a legacy or devise in the event of a contest of the will by the beneficiary is not against public policy. Such a provision is valid and will be enforced according to its terms, notwithstanding the beneficiary may have had probable ground for the contest.

ID.—UNAMBIGUOUS PROVISION FOR FORFEITURE.—A provision in a will
that "in case any devisee or legatee under this will make any
contest of this will then the share herein provided for any such
legatee or devisee shall not be paid, but the same shall be forfeited
and passed to the others under this will," is clear and unambiguous,
and a forfeiture will be enforced in the event of a contest by a
legatee or devisee.

APPEAL from a decree of the Superior Court of San Bernardino County distributing the estate of a deceased person. Benjamin F. Bledsoe, Judge.

The facts are stated in the opinion of the court.

Walter M. Campbell, for Appellant.

T. R. Archer, and Gregg & Surr, for Respondents.

ANGELLOTTI, J.—This is an appeal by Delia F. Miller from so much of the decree of final distribution in the matter of the estate of deceased as denies her the right to receive a bequest of fifteen hundred dollars given her by the terms of his last will.

The will of deceased, executed the day before his death, disposed of his estate, which was apparently his separate property, as follows:—

"I give and bequeath to my wife, Mrs. Delia F. Miller the sum of fifteen hundred ($1500.00) dollars.

"Second: I give, bequeath and devise to my adopted daughter Mrs. Florence M. Stevenson of Los Angeles, Cal., all the rest, residue and remainder of my estate both personal and real property and wherever situated.

"Third: I further provide that in case any devisee or legatee under this will make any contest of this will then the share herein provided for any such legatee or devisee shall not be paid but the same shall be forfeited and passed to the others under this will."

When the will was offered for probate said Delia F. Miller instituted a contest thereto on the grounds of incompetency to make a will and undue influence alleged to have been exercised by Florence M. Stevenson. An answer to her opposition to the probate was filed, and the issues made were tried by the court, a jury having been waived. The court found against

the allegations of Mrs. Miller, and admitted the will to pro-
bate.    No appeal was ever taken from the judgment of the
court in the matter of the contest and such judgment became
final prior to the application for distribution.    When the
estate was ready for distribution, Florence M. Stevenson pre-
sented her petition asking that the whole of said estate be
distributed to her, claiming that by reason of the contest of
the will made by Mrs. Miller, the latter had forfeited all rights
under the same and that she had become entitled to receive
Mrs. Miller's share as well as her own.    Mrs. Miller also filed
her petition, alleging that she had made the contest believing
and having good reason to believe that the will was invalid on
the grounds stated in her opposition.    The trial court found
that at the time of the contest there was probable cause for
the same on the ground of undue influence, but no probable
cause for a contest on the ground of incompetency.    It con-
cluded that by reason of the contest Mrs. Miller had forfeited
the legacy of fifteen hundred dollars given her by the will,
and distributed all of the estate to Florence M. Stevenson, the
other beneficiary under the will.

The contest provision of the will is clear and unambiguous
in its terms, and it cannot be disputed that Mrs. Miller, by
reason of the facts hereinbefore set forth, has lost her right to
receive the legacy given her by the will, if such provision is
valid and is to be enforced according to its term     The ques-
tion of the validity of a condition against contests contained
in a will is not now an open one in this state.    In the recent
case of *Estate of Hite,* 155 Cal. 436, [101 Pac. 443], this ques-
tion was presented, and the court held, following the principles
enunciated in the *Matter of Garcelon,* 104 Cal. 570, 590, [43
Am. St. Rep. 134, 38 Pac. 414], that such a condition is not
against public policy.    This ruling was in accord with what
is now the universally accepted doctrine.    If it be not against
public policy, we know of no reason why it must not be en-
forced according to its terms.    A testator has the lawful right
to dispose of his property upon whatever condition he desires,
as long as the condition is not prohibited by some law or op-
posed to public policy, such as conditions in restraint of
marriage or of lawful trade, "and when a testator declares in
his will that his several bequests are made upon the condition
that the legatees acquiesce in the provisions of his will, the

courts rightly hold that no legatee shall without compliance with that condition receive his bounty, or be put in a position to use it in the effort to thwart his expressed purpose." (*Smithsonian Institution* v. *Meech,* 169 U. S. 398, 415, [18 Sup. Ct. 396].)

Appellant's principal contention is that there was no forfeiture in this case for the reason that she had probable ground for contest. A similar question was presented by the briefs in *Estate of Hite,* 155 Cal. 436, [101 Pac. 443], but was there dismissed by the court without discussion. No such exception is stated in the contest provision contained in the will, and we know of no principle that authorizes us to declare it. To so do would be to substitute our own views for a clearly expressed intent of the testator to the contrary. We are aware that some text-writers have expressed views tending-to support appellant's contention in this behalf, and that it is the rule adopted in Pennsylvania (see *Estate of Friend,* 209 Pa. 442, [58 Atl. 853], but we cannot perceive any proper basis upon which to rest such a conclusion. Like the doctrine accepted in many decisions to the effect that no forfeiture of the legacy results under such a provision when there is no gift-over of the legacy in the event of a contest, although a forfeiture of land devised will result under such circumstances without a specific devise over, a doctrine repudiated by us in *Estate of Hite,* 155 Cal. 436, [101 Pac. 443], it is a mere attempt at an artificial distinction to avoid the force of a plain and unambiguous condition against contests. (See *Hoit* v. *Hoit,* 42 N. J. Eq. 388, [59 Am. Rep. 43, 7 Atl. 856]. See, also, *Bradford* v. *Bradford,* 19 Ohio St. 546, [2 Am. Rep. 419].) This point was expressly made in the *Matter of Garcelon,* 104 Cal. 570, 590, [43 Am. St. Rep. 134, 38 Pac. 414], and was disposed of in the opinon by a statement to the effect that the views set forth were really conclusive of every question discussed by counsel. This, we think, was necessarily so. If the forfeiture provision as plainly and unambiguously written is not against public policy, it must be enforced as written.

The portion of the decree of distribution appealed from must be affirmed, and it is so ordered.

Shaw, J., Sloss, J., Melvin, J., Lorigan, J., and Henshaw, J., concurred.