F. M. HARADON, Administrator, Appellant, v. H. T. CLARK et al., Appellees.

**WILLS:** Penalizing Contest. A legatee who neither joins in the formal objections to the probate of a will nor contributes to the expense of a contest by others, but is in sympathy with said contest, is not a "contestant," within the provision of a will which forfeits a legatee's share in case he contests the will.

*Appeal from Marshall District Court.*—JAMES W. WILLETT, Judge.

JANUARY 18, 1921.

THE nature of the action and the material facts are stated in the opinion.—*Affirmed.*

*Carney & Carney,* for appellant.

*Robert E. Johnson,* for appellee.

PER CURIAM.—L. L. Clark, a resident of Marshall County, died in October, 1914, testate, seized and possessed of considerable property. After making specific bequests to Lee L. and Arthur J. Clark, grandsons, Olive M. Boughton, a niece, and Emma C. Boughton, his sister, he devised the residue of his estate to his two sons, Henry T. and Edward J. Clark, and to his grandsons named above, share and share alike. Henry T. and Edward J. Clark filed objections to the admission of the will to probate, and a trial had thereon resulted in favor of the proponents, and the admission of the will to probate. Thereupon, the plaintiff, the administrator with will annexed of said estate, commenced this action in equity, asking the court to determine whether or not the status of L. L. Clark in the will contest was that of a contestant, and to fix the interests of each of the residuary legatees who contested the will. The court found that the defendants Henry T. and Edward J. Clark, under the sixth paragraph of the will (which is as follows: "Sixth: In case any

heir or legatee named herein should contest this will, they shall receive only the sum of ten dollars [$10] out of my estate),'' forfeited their right to share in the residue of said estate, and directed the administrator to distribute $10 to each of them, and no more, and found in favor of Arthur J. Clark, and or-dered the petition dismissed as to him. The court further found and decreed that the residue of said estate passed under the fifth, or residuary, clause of the will to Lee L. and Arthur J. Clark.

The administrator alone appeals; so that the only question before us for decision is whether the said Arthur J. Clark was, in fact, a contestant. Clark did not join in the objections filed to the admission of the will to probate, and did not employ coun-sel or contribute to the expense of the contest, but appeared as a witness, without subpoena, at the request of contestants, and testified in their behalf. Upon cross-examination, he admitted that he was in sympathy with the contestants, and that he had written letters to his brother, finding some fault with the atti-tude of Emma C. Boughton towards his grandfather, shortly before his death; but, upon the trial of the case at bar, he testi-fied that he was not dissatisfied with the provision made for him by the will, and that he was not, otherwise than stated above, interested in the contest instituted by Henry T. and Edward J. Clark.

Proceedings to contest a will are purely statutory. Section 3283 of the Code provides that:

''When the probate of a will is contested, either party to the contest shall be entitled to a jury trial thereon.''

The statute does not provide that one contesting must file a formal pleading, but it does contemplate that the grounds upon which objections to the admission of the will to probate are based shall be stated. A contestant is, of course, ordinarily one joining in the written objections filed, but whether he might, by his acts and conduct, become such without this for-mality, we have no occasion now to decide. As stated, it is not shown that Arthur J. Clark contributed to the expense of the litigation, or that his relation to the contestants was more than that of a sympathetic legatee, interested in the favorable result of the contest. In our opinion, he was not, within the meaning

of the sixth clause of the will, a contestant, and the judgment of the court below is—*Affirmed.*