[Civ. No. 6596. Second Appellate District, Division One.—June 4, 1931.]

E. R. HARRIS, Appellant, v. UNITED AUTOMATIC CIGARETTE CO. et al., Respondents.

N. B. Nelson for Appellant.

C. La V. Larzelere and Gordon G. MacDonald for Respondents.

BISHOP, J., *pro tem.*—Plaintiff seeks a reversal of the judgment, by which he was denied all relief, on the ground that the findings are contrary to and not supported by the evidence. We find his position well taken.

The action is based upon a contract between defendants (copartners) and plaintiff, in which it is recited that the plaintiff had been working for some time in defendant's employ in the development of a cigarette vending machine, and that defendants were desirous of acquiring all plaintiff's interest in "any inventions or especially constructive parts that may have been suggested . . . and evolved" by plaintiff while in their employ. Accordingly, the contract continued that plaintiff "does hereby sell, assign and transfer . . . all his right, title and interest in and to said invention or any of the parts or mechanism used in connection with said invention" to the defendants. He further agreed to execute such "additional assignment as may be necessary if any for formal recording in the United States Patent Office at Washington, D. C., of any patent that may be issued" to him. "For and in consideration of the premises" defendants agreed to pay plaintiff $6,000 within about a year or at their option to issue 6,000 shares of the capital stock of the United Cigarette Company. Full performance on plaintiff's part is alleged, and nonpayment on that of defendants.

The execution of the agreement is admitted by silence in the answer (Code Civ. Proc., sec. 462) as is the fact of nonpayment. There is a denial that plaintiff fully performed, or was damaged, and it is denied that defendant had any interest in the vending machine or had any patentable ideas concerning one. By way of affirmative defense, it is alleged that there was a total failure of consideration, that defendants were induced to enter into the contract through fraud, and, finally, that there was a complete settlement. The trial court first finds that all the

allegations of the complaint (not excluding those admittedly true) are not true, and that all the allegations and averments of the answer are true. These generous findings are immediately followed by others declaring that the allegations of the complaint with respect to the execution of the contract and the nonpayment of the $6,000 are true. The special findings govern the general (*Lobb* v. *Brown*, (1929) 208 Cal. 476, 481 [281 Pac. 1010]), so we have the contract and nonpayment, both admitted by the pleadings, established by the findings.

The special defense that defendants were induced to enter into the contract by fraudulent representations was found to be true. Plaintiff says that in this regard ''not one iota of evidence was introduced''. Of necessity he, then, could not set it forth in his brief. If his statement was incorrect, the defendants were called upon to overcome it by setting forth at least enough of the record to show that there was some evidence on that subject (Code Civ. Proc., sec. 953c.) Failing to discover it in their brief, we conclude that this finding is without support in the evidence.

The finding that there was a complete settlement is dependent upon the evidence that one of the defendants acting on behalf of the copartnership, sold all the assets of the copartnership to plaintiff, for which he paid the sum of $330. A bill of sale was given mentioning one small lathe and other miscellaneous articles, including ''miscellaneous parts for cigarette vending machines as well as all other personal property which formerly belonged to the United Automatic Cigarette Company and now located . . . at 421 East Washington Street''. It appears without conflict that in making this deal no mention was made of the $6,000 liability, which would not be delinquent for several months yet. With these facts there is no basis for the finding that ''plaintiff accepted same in full satisfaction and discharge of all claims against defendants''. There is an entire lack of proof of an express agreement to this effect, and in the absence of any showing that the assets sold were worth more than $330, there is no room for an inference that plaintiff intends to surrender his claim for $6,000 in addition to the $330 which he paid. This finding is without support in the evidence.

The finding that it is not true that plaintiff had any right, title or interest in the vending machine, or that he

had invented it or any part of it, or that he had a patentable idea concerning it, is not within the issues, because, though related to a paragraph in the answer, it is a paragraph which directs denial at allegations of the complaint which are nonexistent. Irrespective of this feature, all the evidence in point is contrary to the finding. ■ Nor have defendants countered the showing made by the plaintiff that he has fully performed. That portion of the findings which recites that it is not true that he has assigned his rights, etc., is completely answered by the contract itself. They are there assigned. That every other assignment shown to be required under the contract or requested by defendants' agent, their patent attorney, was made by plaintiff, is revealed by the evidence, all pointing but one way. This finding is contrary to the evidence.

■ Defendants' main reliance is upon the defense and finding that there was a total failure of consideration. In its support they array the evidence that the vending machine which the plaintiff produced for them failed to work commercially or mechanically. Evidence, however conclusive, to this point does not show failure of consideration, for it was not efficient machines which the plaintiff agreed to give by his contract, but all his rights and interests in the invention or especially constructed parts used in connection therewith, which had been evolved. As recited in the contract, plaintiff had been working for defendants for some months on the building of a vending machine. He was about to apply for patents covering the machine and parts. They wanted whatever he had. "An invention is not a patent, and it is not an application for a patent. It is a conception, an idea; it is a newly discovered thing, something that had not been known before." (*Klauder-Weldon etc. Co.* v. *Weldon,* (1914) 87 Misc. Rep. 95 [150 N. Y. Supp. 273, 278].) At that time he had no patent, but he might get it, and defendants bought his rights. They received what they bargained for. If they were disappointed in the result, that does not constitute failure of consideration. This finding, as the others upon which the judgment depends, is without support.

The judgment is reversed.

Conrey, P. J., and York, J., concurred.