[Civ. No. 13129. Second Dist., Div. One. Aug. 4, 1941.]

Estate of WILLIAM F. MARKHAM, Deceased. MAUDE L. O'BRIEN, Appellant, v. BEN H. BROWN, as Public Administrator, etc., et al., Respondents.

Wm. H. Neblett, E. Walter Guthrie and E. W. Miller for Appellant.

J. H. O'Connor, County Counsel, and Ernest Purdum, Deputy County Counsel, for Respondent Public Administrator.

Hahn & Hahn and Stanley L. Hahn for Respondents Leigh H. Markham et al.

Jennings & Belcher and Louis E. Kearney for Respondents Harlan Guyan Palmer, Jr., et al.

WHITE, J.—Maude L. O'Brien, a daughter of and one of the legatees under the will of William F. Markham, deceased, prosecutes this appeal from a decree of the Superior Court of Los Angeles County, sitting in the exercise of its powers in probate, denying her petition for partial distribution. The decree in question ordered that appellant should receive the sum of one dollar and no more and adjudged that appellant, by instituting and prosecuting certain proceedings and actions, had transgressed the disinheriting paragraph or for-

feiture clause of the will, thereby bringing her within its inhibitions.

William F. Markham died April 30, 1930. On May 27 of the same year his will was admitted to probate and letters testamentary issued to his widow, Blanche C. Markham, who thereafter, and until her death on March 4, 1937, continued to serve as executrix. Following her death, and on August 26, 1937, letters of administration with the will annexed were issued to the public administrator, Ben H. Brown, who ever since has acted and now continues to act as administrator with the will annexed.

By his will decedent bequeathed to his wife, Blanche C. Markham, the family home with its household furnishings and adornments, for her use, benefit and enjoyment during the term of her natural life, and upon her death the same to go to the children of Mr. and Mrs. Harlan G. Palmer, Sr. The entire rest, residue and remainder of the estate was bequeathed to the testator's wife, to be held in trust for certain uses and purposes. In this connection the testator, after providing that from the gross income or from the principal of the trust estate his debts and the costs of administration should be paid, directed that from the net income of the estate the trustee should pay to appellant herein the sum of $250 per month during her natural life; to Lee H. Markham, the decedent's son, a like sum during his life; to the sister of decedent $100 per month; to Ben E. Sprague, designated as "my friend and chum," $250 per month during his life; to the gardener employed by decedent $150 per month during such time as he should be employed by the executrix and trustee in connection with the estate; to a niece $150 per month during her life, and to E. S. Roe, described in the will as "my friend and foreman," $150 per month as long as he lived. The will further provided that upon the death of decedent's wife and trustee, Harlan G. Palmer, Sr., should succeed her as trustee, and that, subject to the approval of the court, he was to withdraw from the estate sufficient assets to provide for the payments heretofore mentioned, and after so doing, the balance of the estate, together with any undistributed net income, was to go to the children of Mr. and Mrs. Harlan G. Palmer, Sr., share and share alike. It was further provided in the will that upon completion of all the trusts mentioned in clauses 1 to 8, and upon completion of the life payments

under the fourth clause, the remainder of the estate, together with any undistributed net income, was also to go to the Palmer children.

The will also contained this provision:

"FIFTH: I have intentionally omitted all my heirs who are not specifically mentioned herein, and I hereby generally and specifically disinherit each, any and all persons whomsoever claiming to be or who may be lawfully determined to be my heirs at law, except as otherwise mentioned in this Will, and if any such persons or such heirs, or any devisees under this Will, or their successors in interest, or any other person who, if I died intestate, would be entitled or shall lawfully become entitled to any part of my estate, shall either directly or indirectly, singly or in conjunction with other persons, seek to establish or assert any claims to my estate or any part thereof, excepting under this Will, or attack, oppose or seek to set aside the probate of this Will, or to impair, invalidate or set aside its provisions, or to have the same or any part thereof, or any devise or devises, or trust herein limited, declared void or diminished, or to defeat or change any part of the testamentary plan of this Will, or settle or compromise, directly or indirectly either in or out of court, with any contestants of this Will, or shall consent to, acquiesce in or fail to contest such proceedings, or shall endeavor to secure or take any part of my estate in any manner other than through or under this Will, then in any or all of the above mentioned cases and events, I hereby give and bequeath to such persons or person the sum of One Dollar ($1.00) and no more, in lieu of any other share or interest in my estate; and all the rest of the interest, share or property which would otherwise have gone to such person or persons, by devise or inheritance, or which they may be entitled to take under any provision of law, shall go, and I hereby give, devise and bequeath the same, in fee simple, share and share alike, to such, each and all of my devisees and legatees mentioned in this Will, as shall not have made, joined, assisted, consented or acquiesced in such proceedings, or settled or compromised, directly or indirectly, either in or out of court, with any contestants of this Will; and if all of said devisees and legatees, or their successors in interest, shall join, assist, consent or acquiesce in such proceedings, or so settle or compromise with any such contestants, I hereby give, devise and bequeath in fee, the whole of my estate to my next heirs at law, excluding said devisees, lega-

tees, their successors in interest, and such contestants, according to the laws of succession then in force in the State of California, anything to the contrary in this Will notwithstanding.''

At the trial of the action which gave rise to this appeal it was stipulated that the estate amounted to a sum in excess of $1,800,000.

From the record it appears that notwithstanding the aforesaid disinheriting clause, appellant herein, who under the will was to be the recipient of $250 per month during her life, filed on October 1, 1936, in the estate proceedings a document denominated ''Petition of Maude Lillian O'Brien for Distribution,'' in which she charged on information and belief that the executrix and the attorney for the executrix, without any order of court, had borrowed from the assets of said estate sums of money approximating $500,000; that the executrix and her attorney were guilty of dilatory conduct in not terminating probate proceedings. This petition also charged the attorney for the executrix and the latter with procuring the execution of the will in question at a time when the decedent was in failing health and unable to comprehend the meaning, purport or intent of the document which he signed. There was also contained in the petition an allegation that the will in question was void by reason of the provisions of section 715 of the Civil Code of this state. By this petition appellant prayed for the removal of the executrix and her attorney, for distribution to her of one-third of the estate under section 221 of the Probate Code; that the executrix and her attorney be required to pay into the estate the sums of money allegedly illegally withdrawn; and finally, that the order admitting the will to probate be set aside. On October 6 a similar petition was filed by appellant in the probate proceedings, while on October 16 appellant filed an amended petition entitled ''Amended Petition of Maude Lillian O'Brien for the Removal of Blanche C. Markham as Executrix and of Harlan G. Palmer as Attorney, and for Distribution.'' A second amended petition was filed by the appellant in the estate proceedings on October 20, pursuant to the provisions of Probate Code, section 521. Following a hearing had on the second amended petition, the court on October 22, 1936, made its findings of fact thereon and its order denying such second amended petition. Appellant next filed in the District Court of the

United States for the Southern District of California her bill of complaint in equity. This action was directed against the executrix, her attorney, the beneficiaries under the will, and certain corporations allegedly controlled by the attorney for the executrix. To this action the defendants filed a motion to dismiss the bill upon the ground of nonjoinder of indispensable parties, which said motion was sustained and the cause dismissed.

On January 8, 1937, appellant filed in the Superior Court of Los Angeles County an action in equity against the beneficiaries named in the will to impress a trust in her favor and seeking to have the beneficiaries declared to be involuntary trustees to the extent of a one-third interest in the estate of decedent as soon as the estate was distributed to them. This last named action was based on the ground that the will was procured by fraud and undue influence exerted upon the testator by his attorney. The case was tried without a jury, and at the conclusion thereof the court held that at the time of execution of his will decedent was not acting under fraud or undue influence, and that the facts relied upon by appellant in her complaint therein filed were known to her within six months of the date when the will was admitted to probate. The court further found that the appellant was estopped from maintaining the action because she had received and retained moneys paid to her pursuant to the terms of the will and had not, prior to bringing the action, offered to restore the same. The court further found that appellant was guilty of laches and also that her cause of action was barred by the statute of limitations. From the judgment therein, appellant prosecuted an appeal to the Supreme Court of this state, which tribunal transferred the same to the District Court of Appeal of the Third Appellate District, in which forum the judgment of the superior court against appellant was affirmed on February 19, 1940. (*O'Brien* v. *Markham,* 37 Cal. App. (2d) 381 [99 Pac. (2d) 583].)

At the trial of the cause from which the appeal herein was taken, it was stipulated that up to and including the month of September, 1936, there was paid to appellant in monthly payments from the available net income of the estate under the terms of the will, the same *pro rata* share as was paid to other beneficiaries, and that the total amount paid to said appellant at the rate of $250 per month amounted to $15,372; and further, that the estate paid inheritance taxes on behalf

of appellant herein in the sum of $327.87. It was further stipulated that in the month of October, 1936, a check for her *pro rata* share of $250 from the net income of the estate was forwarded to appellant, but that she refused and returned the same, and since that time has not received any further *pro rata* payments.

The factual situation which gave rise to the litigation forming the basis for the instant appeal might be thus epitomized: On July 25, 1940, the estate of decedent being ready for distribution, there came on for hearing in the probate department of the superior court several and divers matters, among which were the fifth and final account and petition for distribution filed by the administrator with the will annexed, and the petition of Maude L. O'Brien, appellant herein, for an order distributing a portion of the estate to the successor trustee (Harlan G. Palmer, Sr.) for her (appellant's) benefit. Various of the respondents filed answers in opposition to the petition of appellant and to the petition of the administrator with the will annexed, contending that by the filing and prosecution of the hereinbefore narrated proceedings and actions this appellant had violated the disinheriting provisions or forfeiture clause of the decedent's will and was therefore entitled to receive upon distribution only the sum of one dollar. Following a hearing, the court found that, in violation of the terms of the will and contrary to the fifth provision thereof, appellant herein, by filing various petitions, bills of complaint, and bills in equity, sought to assert claims against the estate of decedent other than those provided for in said will, and that by such litigation she had sought to impair, invalidate and set aside the provisions of the will, to have provisions of said will declared void, and by her actions and proceedings attempted to defeat and change the testamentary plan of the will and to secure and take a part of said estate in a manner other than through and under the will. The court further found that appellant herein had by such legal proceedings "attacked, opposed and sought to set aside the probate of said will." Based upon such findings, the court ordered, adjudged and decreed that the petition of appellant herein for partial distribution be denied; sustained all objections thereto, and directed that she take nothing under the terms of said will except the sum of one dollar. It is to this portion of the decree that the appeal herein is directed.

Appellant contends that the terms of the disinheriting or forfeiture clause should not be invoked against her because no bad faith was imputed to her by the respondents in either their pleadings or evidence, and further, that she acted in good faith and upon probable cause when she instituted the proceedings hereinbefore set forth. These claims upon her part are predicated upon the fact that she was the daughter of the testator, whose estate amounted to nearly two million dollars; that by the will offered and probated the major portion of the estate was ultimately to be distributed to strangers to the blood of the testator. It is also contended that by her litigation appellant did not seek primarily to defeat the will, but to establish a trust; that the impairment of the provisions of the will or its total destruction by legal process was but a secondary or incidental result.

It is fundamental that every person of sound mind over the age of eighteen years may dispose of his property by will. (Prob. Code, sec. 20.) Further, it must be conceded that the property of the testator is his to dispose of as he wills, and he is not called upon to consult the wishes or views of his beneficiaries or of juries or courts. (*In re Spencer,* 96 Cal. 448, 452 [31 Pac. 453]; *Estate of Perkins,* 195 Cal. 699, 709 [235 Pac. 45].) After all, in the minds of others than the testator, the question whether a will is just or unjust is a matter of opinion, and the policy of the law is to make the disposition under a will in accordance with the desires of the testator. Accordingly, it has frequently been held by the courts of this state that a provision in a will providing for forfeiture of a legacy in the event of a contest of the will by a legatee is valid and binding upon such legatee. (*Estate of Hite,* 155 Cal. 436 [101 Pac. 443, 17 Ann. Cas. 993, 21 L. R. A. (N. S.) 953]; *Lobb* v. *Brown,* 208 Cal. 476, 484 [281 Pac. 1010], and cases therein cited.) The maker of a will, possessing the necessary qualifications of mind and body, has therefore the right to distribute his property upon such terms and conditions as to him seem just and proper; and the recipient of the testator's bounty is required to partake thereof under the terms provided in the testamentary document, so long as such terms and conditions are not prohibited by some law or opposed to public policy. (*In re Kitchen,* 192 Cal. 384 [220 Pac. 301, 30 A. L. R. 1008]; *Estate of Miller,* 156 Cal. 119 [103 Pac. 842, 23 L. R. A. (N. S.) 868].)

■ While it is true, as contended by appellant, that a forfeiture clause is to be strictly construed, it is equally true that if the same is not strictured by law or by public policy it will be enforced according to the ascertained intent of the testator. (*Estate of Bergland*, 180 Cal. 629, 635 [182 Pac. 277, 5 A. L. R. 1363].) The conditions upon which the forfeiture is to work under the will here in question are in part as follows: " . . . that any person . . . seek to . . . establish or assert any claims to my estate or any part thereof, excepting under this will . . . attack, oppose or seek to set aside the probate of this will . . . impair, invalidate or set aside its provisions, or to have the same or any part thereof, or any devise or devises, or trusts herein limited, declared void or diminished . . . defeat or change any part of the testamentary plan of this will . . . endeavor to secure or take any part of my estate in any manner other than through or under this will. . . . "

■ Let us therefore examine, in the light of the foregoing, the conduct of appellant, to determine whether the primary purpose of her activities was to defeat the provisions of the will. If the litigation instituted by her amounted to a direct attempt to challenge the validity of the will or defeat its provisions, then, irrespective of her good or bad faith she would come under the penalty provided in the forfeiture clause. (*Estate of Miller, supra.*)

■ That appellant sought to impair, invalidate and set aside the provisions of the will; attempted to establish claims to part of the estate other than under the will; sought to defeat and change the testamentary plan, as well as to secure or take part of the estate other than through or under the decedent's will, is abundantly established by reference alone to the bill in equity filed in the United States District Court and the action filed in the Superior Court of Los Angeles County. By her complaint in the last named action appellant alleged that at the time decedent signed the will "he was approximately eighty years old, in an advanced stage of senility, suffering from an incurable disease, and utterly incompetent to understand or comprehend what he was doing or the meaning of any sort of business transaction." She further alleged that the will was procured by fraudulent misrepresentations; that the will was not a true one but a document altered by certain of the defendants after its execution; and finally, that

the will was admitted to probate on perjured testimony. She also charged that by fraudulent representations of some of the defendants she was prevented from filing a contest of the will within the statutory period. By her prayer in said complaint appellant sought to have the defendants declared trustees for her to the extent of one-third of the assets belonging to decedent at the time of his death. We cannot conceive of a more outright and direct attack upon the validity of the will, or a more positive effort, in violation of the forfeiture clause therein, to ''set aside the probate of this will, impair, invalidate, or set aside its provisions, or to have the same or any part thereof, or any devise or devises or trusts herein limited declared void or diminished,''or to''defeat or change any part of the testamentary plan'' or endeavor ''to secure or take any part of my estate in any manner other than through or under this will,'' any one of which attempts would bring appellant within the purview of the disinheriting clause.

Following trial of the superior court action, the court found that at the time of the execution of his will decedent was not acting under fraud or undue influence, and that the facts relied upon by appellant as plaintiff therein were known to her within six months from the date when the will was admitted to probate. A comprehensive statement of the nature of appellant's last aforesaid action, the grounds therefor, the contentions advanced by her, the findings of the trial court, and the fact that such findings were amply sustained by the evidence, will be found in the decision of the District Court of Appeal in affirming the judgment against appellant. (*O'Brien* v. *Markham,* 37 Cal. App. (2d) 381 [99 Pac. (2d) 583].)

Considering the forfeiture clause in the light of the facts of this case, we are irresistibly drawn to the conclusion that such facts show such a breach of the forfeiture clause of decedent's will on the part of appellant as must subject her to the loss of the legacy given her by the terms of said will.

Appellant earnestly relies upon the *Estate of Bergland,* *supra,* and *Lobb* v. *Brown, supra,* as modifying the rule laid down in *Estate of Hite, supra,* and *Estate of Miller, supra,* but the two cases so relied upon are easily distinguished from the case at bar. In the Bergland case the daughter of the decedent offered for probate a later will, which proved to be spurious, and the petition for its probate was withdrawn. In that case, however, the spurious character of the later will

offered by the decedent's daughter was unknown to her. The court held under the facts there present that an attempt made in good faith to probate a later purported will, spurious in fact, but believed to be genuine by the party seeking its probate, did not fall within the forfeiture clause there under consideration. To hold otherwise, as pointed out by the court, would seriously discourage any attempt to probate even a genuine later will and would distinctly lessen the chance of any later testamentary expression by a testator being made effective, which of course it would not be presumed was contemplated or intended by a testator in drafting the forfeiture clause of an earlier will.

The second case which appellant stresses, *Lobb* v. *Brown,* was an action wherein the plaintiff sought to have it declared that defendants held in trust for him certain property received by the former under decrees of partial distribution in the estate of Mary Ellen Moore, deceased. Two wills of decedent were under consideration. In the first will she had made certain specific bequests and had named the defendants Brown, her nephews, as sole residuary legatees. In the second will plaintiff Lobb was named as executor, and he and the nephews were made equal residuary legatees. In the second will was contained a clause disinheriting anyone who should institute a contest against it. The last will was admitted to probate in September, 1920, and letters testamentary issued to Lobb. In the following January and in October of 1921 decrees of partial distribution were made to the defendants. Between the dates of such decrees other relatives of deceased filed a contest of the will so far as it bequeathed a share of the residue of the estate to Lobb. Lobb was joined as a defendant. The defendants Brown filed their answer to the contest, but did not deny invalidity of the bequest to Lobb by virtue of undue influence alleged to have been exerted by him. Upon the trial of the contest, the court made its order discharging the jury and dismissing the contest. Action was then brought by Lobb against the defendants Brown, seeking to have them declared trustees for him of the property they had received by virtue of the decree of partial distribution. Judgment went in favor of defendants and was affirmed on appeal. In that case the court held simply that since the contest was filed before the defendants had any knowledge thereof, and since they in their answers denied that the con-

testants had any interest sufficient to entitle them to contest the will, there was no violation by the defendants of the disinheriting clause in the will—that "mere expression of desire that the contestants succeed was not sufficient to bring respondents under the ban of the forfeiture clause"; also that merely testifying to facts aiding the contestants was immaterial, since the respondent so doing was under subpoena and consequently upon oath compelled to testify to facts that he knew; that in advancing the contestants money to defray their costs and attorney fees there was no violation, since the disinheriting clause went only to those who "shall institute proceedings," while the institution of the contest was without the knowledge of respondents.

Thus we see that the facts and issues presented in the two last cited cases differ materially from the circumstances of the litigation now before us, where appellant not only sought to impair, but to totally destroy and nullify the expressed desires and wishes of the testator by asserting his utter incapacity and incompetency to execute the testamentary document. However strictly we construe the forfeiture clause of the will in the instant case, when we view such clause according to the expressed intent of the testator the conclusion is inescapable that appellant brought herself under its ban. That forfeiture clauses such as the one before us, when contained in a will, are valid is the rule in this state (*Estate of Bergland, supra*), and manifestly it was the plain intent of the testator that one who sought, as appellant did, the utter destruction of his testamentary plan, did so at his peril, so far as the right to take under the will is concerned.

Finally, appellant urges that because in the state court equity suit tried subsequently to the dismissal of the federal court equity action, it was found that appellant as plaintiff "had been and now is estopped from contesting the will of William F. Markham, deceased, and has been and now is estopped from seeking to have the said will declared void, and has been and now is estopped from maintaining this action," that respondents herein are also estopped from asserting or demanding a forfeiture of appellant's legacy under the will. This claim is without merit. The court found that the estoppel arose against appellant because she received and retained large sums of money paid to her under the terms of the will. Had she returned the money so received by her, the estoppel would not have come into being. She created the estoppel by

her own actions. Surely an estoppel thus created against appellant does not operate to estop respondents from asserting that her filing and prosecuting the equity action in the federal court and the state court litigation was a violation of the forfeiture clause of the will. The disinheritance of appellant arose from her filing proceedings in the federal and state courts, all for the precise purpose of thwarting the expressed intentions of the testator as contained in his will, and notwithstanding the testator's declaration in his will that the legacy given to appellant was on condition that she acquiesce in the provisions of the will or forfeit his bounty.

The order, decree and judgment from which this appeal was taken is affirmed.

York, P. J., concurred.

I concur in the judgment. Doran, J.