### BROTT et al. v. DAVIDSON et al.

(Supreme Court, Appellate Division, Third Department. September 15, 1903.)

1. DEPOSITS IN COURT—ERRONEOUS WITHDRAWAL BY ATTORNEY—REFUND.

In an action to foreclose a mortgage, defendants procured an ex parte order, permitting them to pay into court $482.42, the amount admitted by them to be due on a mortgage, which order provided that the money should be paid out of court to plaintiffs or their attorney. Other defenses were pleaded to the action, and the trial resulted in a decision that only $83.20 was due on the mortgage, and a decree was entered that, on payment of that sum within 10 days, the complaint should be dismissed. Such amount was paid, and a satisfaction given, plaintiffs' attorney taking the acknowledgment; but, notwithstanding this, the attorney thereafter drew from the county treasury the amount previously deposited. Held, that such withdrawal was a fraud on the court, and that a summary order directing that it be restored was proper.

Appeal from Special Term, Saratoga County.

Action by Solomon C. Brott and another against Alice I. Davidson and others. From an order directing Michael F. O'Connor, who was attorney for plaintiffs, to repay certain money withdrawn from the court, he appeals. Affirmed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

H. D. Bailey, for appellant.
J. W. Atkinson, for respondents.

HOUGHTON, J. The action herein was brought to foreclose a mortgage, and the appellant, O'Connor, was plaintiffs' attorney. After the commencement of the action, the defendants, ex parte, procured an order permitting them to pay into court $482.42, the amount admitted by them to be due upon the mortgage. The order was peculiar, in that it provided that said moneys should be paid out of court to the plaintiffs or their attorney. The defendants pleaded that prior to beginning the action they had made this same tender, and desired to keep it good by payment into court. Other defenses set up in the answer included one that there had been a valid extension of the time of payment, and that nothing was due upon the mortgage. The action came on for trial, and resulted in a decision that only $83.20 was due upon the mortgage to the plaintiffs, and a decree was entered that, upon the payment of that sum within 10 days by defendants to the plaintiffs, the complaint should be dismissed, without costs to either party. On the 3d day of June the defendants paid this amount, and on the 5th day of June following they paid the full amount of the mortgage, with interest, to the holder thereof, and took a satisfaction. H. D. Bailey was the attorney in fact for the holder of the mortgage, and executed the satisfaction in her name. O'Connor had an office with Bailey, and took his acknowledgment to the satisfaction. Bailey had acted as counsel with O'Connor, who had refused to accept the money due upon the mortgage without the concurrence of his counsel. He therefore knew that the $83.20 decreed by the court had been paid, as well as the full amount of the mortgage, and that a satisfaction had been given. Notwithstanding this, on the 16th of June following, he went to the county treasurer, and drew out the $482.26 which the defendants had previously deposited in the action. It is quite apparent that courts cannot sanction any such conduct as this on the part of its officers. The Special Term was right in summarily directing the attorney to restore the money which he had thus drawn from the custody of the court. It is no justification of the appellant's position to say that when the defendants deposited the money in court, they parted company with, and had no further rights concerning, it. This is the ordinary rule. In the present case, however, full payment of the mortgage had been accepted, outside the money deposited for that purpose. The appellant knew that this had been done, and his subsequent withdrawal of the money was a fraud on the court, and the wrongful appropriation of the funds in its custody. The court has power to compel an attorney to restore money paid even under a misapprehension. Moulton v. Bennett, 18 Wend. 586; Shotwell v. Dixon, 66 App. Div. 123, 72 N. Y. Supp. 668. So, money in the custody of the court, fraudulently withdrawn, may be summarily ordered to be restored. Keiley v. Dusenbury, 42 N. Y. Super. Ct. 238. The acceptance of the full amount due on the mortgage and the giving of a satisfaction might well be said to constitute a waiver of any right to the moneys deposited for the purpose of paying the mortgage. It would have been better had the defendants asked the court for permission to apply the money

on deposit to the satisfaction of the mortgage; but, having paid it outside those moneys, neither the plaintiffs nor their attorney had the right to withdraw the money, and thus obtain payment of the mortgage the second time.

The order should be affirmed, with $10 costs and disbursements. All concur.                                                    o