[L. A. No. 7478. In Bank.—November 6, 1923.]

In the Matter of the Estate of JOSEPHINE G. KITCHEN, Deceased. LULU RUBLE KITCHEN, Appellant, v. MARY A. BALLARD, Respondent.

[1] ESTATES OF DECEASED PERSONS—WILLS—CONSTRUCTION—INTENT.— It is the cardinal rule of construction that the intent of the testator, as manifested by the terms of the will, must be given effect.

[2] ID.—CONTEST OF WILL—ASSERTION OF CLAIM—FORFEITURE.—A provision in a will for a forfeiture of any legacy in the event of a contest of the will by a legatee is not contrary to public policy, but, on the contrary, meets with its approval, and is valid and permissible; and by analogy a provision in a will that the legatee shall not resort to law for the collection of any claim or demand upon the testator's estate for a debt, which, if not relinquished, might be recoverable, is a lawful provision and will be enforced.

[3] ID.—FORFEITURE PROVISION—BRINGING SUIT ON CLAIM FOR COMPENSATION—AVOIDANCE OF LEGACY.—Where a will provides that if any beneficiary "shall commence any suit in any court whatsoever, or by any ways or means, sue and disturb . . . my executor herein named," or any other beneficiary, the legacy to the beneficiary who shall bring such suit shall be null and utterly void, the bringing of a suit by a legatee against the executor of the estate to recover a certain sum on an oral agreement alleged to have been made by the testatrix, in which the latter promised to adequately compensate the legatee in her will for remaining in her household and performing the duties of a daughter, avoids the legacy of such legatee.

[4] ID.—RULE OF CONSTRUCTION.—The rule that a forfeiture clause in a will is to be strictly construed means simply that no wider scope is to be given to the language employed than is plainly required, and it does not require the court to put a strained or over-technical construction upon the language employed, ignoring the essence of the condition imposed upon the legacy and refusing to give effect to the lawful intention of the testatrix to enable a legatee to affirm a will so far as it is to her own profit and at the same time repudiate the validity of its provisions which are for the benefit of others.

[5] ID.—PROVISION FOR PAYMENT OF DEBT—PENALTY.—The fact that the testatrix in such case directed that her "just debts" be paid does not relieve the legatee from the penalty imposed for suing on her claim.

[6] ID.—SECTION 1880, CODE OF CIVIL PROCEDURE—PURPOSE.—The purpose of section 1880 of the Code of Civil Procedure, prohibiting a claimant against the estate of a deceased person from testifying in support of the claim, is to protect the estate from the possibility of fraud, perjury, and injustice.

2. Effect of provision in will that any beneficiary who contests the instrument shall forfeit his interest, note, 68 L. R. A. 447.

3. What constitutes contest or attempt to defeat will within provision thereof forfeiting share of contesting beneficiary, notes, 39 L. R. A. (N. S.) 1160; 14 A. L. R. 609; 26 A. L. R. 764.

APPEAL from an order of the Superior Court of Los Angeles County declaring a forfeiture of a legacy. James C. Rives, Judge. Affirmed.

The facts are stated in the opinion of the court.

Kemp & Clewett and H. S. Clewett for Appellant.

Hunsaker, Britt & Cosgrove for Respondent.

LENNON, J.—This is an appeal from the order of the superior court in and for the county of Los Angeles declaring a legacy given in the last will and testament of Josephine G. Kitchen, deceased, to her niece by marriage, Lulu Ruble, appellant herein, forfeited, and decreeing that such legacy be included in the residuum of the estate devised to Mary A. Ballard, residuary legatee, and respondent herein.

The will of Josephine G. Kitchen, deceased, provided for the payment of various legacies to friends and relatives and different charitable organizations, aggregating about $86,000, and devised and bequeathed the "rest, residue and remainder" of her estate, which estate amounted in all to about $128,000, to Mary A. Ballard, sister of the deceased.

The portions of the will directly involved in the controversy here are as follows:

"I direct that my funeral charges, the expenses of my last illness, the cost of burial lot and suitable monument, the expense of administering my estate and all my just debts be paid."

"I give, devise and bequeath to Josephine Ruble and Grace Ruble, nieces by marriage the sum of One Thousand Dollars ($1,000.00) each; and to Lulu Ruble, niece by marriage the sum of Two Thousand Dollars ($2,000.00) and, as a special token of my appreciation of her faithfulness and of my love, my earring with the diamond setting therein, it being one of the pair of my set of diamond earrings, the other having been reset in a pin, also my set of white and gold china table-ware, and cut glass vase with mirror base and silver border; also the complete set of American Encyclopedias, with the annuals, together with the complete set of Shakespeare's works in separate volumes. . . . "

"I give, devise and bequeath to my beloved sister, Mary A. Ballard, all the rest, residue and remainder of my property real, personal and mixed of every kind and nature whatsoever and wheresoever located."

"In case any person or persons to whom any legacy or benefit out of, from or by reason of this my will, shall commence any suit in any court whatsoever, or by any ways or means, sue and disturb, or cause to be sued and disturbed, my executor herein named, or any other person or persons whatsoever, to whom anything is by me given in this my will, from the recovering, quiet enjoying and possessing, of what is by me herein given as aforesaid, and in such manner as is therein mentioned, then my will and meaning is, that all and every the legacy and legacies, herein by me given to any such person or persons whatsoever who shall so sue and disturb as aforesaid shall cease, determine and be utterly void. And that then and from thenceforth I do give and bequeath all and every the legacies which I had in this my will given to such person or persons unto my beloved sister, Mary A. Ballard, as a part of the residue and remainder of my estate."

Lulu Ruble, appellant herein, niece by marriage of the testatrix, during the course of the administration of the estate presented a claim for $25,000 to the executor of the estate for allowance, based upon an alleged express oral contract claimed to have been made between appellant and the deceased in the month of February, 1908, immediately following the death of testatrix's husband, the uncle of appellant. Appellant claimed that testatrix at that time promised her that "if the said Lulu Ruble would remain in the household of the deceased and act as a daughter and perform the duties of a daughter to said deceased, that the said deceased would amply provide for and adequately compensate said Lulu Ruble in her will." The claim presented by appellant was rejected by the executor and thereupon appellant brought an action against the executor to compel the payment of the claim. At the trial of the action the jury rendered a verdict in favor of the appellant for the sum of $24,960 and costs. This judgment was set aside by the trial court and a new trial granted. Upon the second trial the jury were directed to find for the defendant. Upon appeal to the supreme court the latter judgment was

affirmed. It was pointed out in that decision that appellant could not recover upon the first cause of action, which was based upon the alleged express oral contract, for the reason that she was incompetent to testify in her own behalf as a witness because of the provisions of section 1880 of the Code of Civil Procedure, and that she had no other evidence of the alleged oral contract. The second cause of action was upon a *quantum meruit* and plaintiff offered to prove the allegations as to the rendition of the services and the value thereof by testimony other than her own. The court held that such proof would not be sufficient, in the absence of proof of an express oral contract, by reason of the fact that the relation of appellant to the deceased, as alleged in the complaint filed, was that of a daughter, and the presumption, therefore, would be that such services were not intended to be compensated. (*Ruble* v. *Richardson,* 188 Cal. 150 [204 Pac. 572].)

Upon the filing by the executor of his petition for the distribution of the estate, objection was presented by Mary A. Ballard, as residuary legatee, to the distribution to Lulu Ruble of the $2,000, or any property whatsoever, upon the ground that said Lulu Ruble, by the institution and prosecution of the action upon the alleged oral contract with the deceased, had violated the condition upon which said gifts and bequests were made to her, and thereby forfeited all right to receive or have distributed to her any money or property given or left to her by said will.

[1] It is the cardinal rule of construction that the intent of the testatrix, as manifested by the terms of the will, must be given effect. The sole question presented, therefore, is whether or not the testatrix, by the particular and peculiar language employed in the forfeiture clause of the will in this particular case, intended to put her niece to an election either of taking the legacy or attempting to prove her claim against the estate.

Preliminarily it may be well to note that the testatrix was at full liberty to dispose of her property as she saw fit and upon whatever condition she desired to impose, so long as the condition was not prohibited by some law or opposed to public policy. The testatrix could give or refrain from giving; and could attach to her gift any lawful condition which her reason or caprice might dictate. She

was but dealing with her own property and the beneficiary claiming thereunder must take the gift, if at all, upon the terms offered. **[2]** It has been definitely decided in this state that a provision in a will providing for a forfeiture of any legacy in the event of a contest of the will by a legatee is not contrary to public policy, but, on the contrary, meets with its approval. (*Estate of Hite,* 155 Cal. 436 [17 Ann. Cas. 993, 21 L. R. A. (N. S.) 953, 101 Pac. 443].) Such a provision is, therefore, valid and permissible. (*Estate of Miller,* 156 Cal. 119 [23 L. R. A. (N. S.) 868, 103 Pac. 842]; *Estate of Garcelon,* 104 Cal. 570 [43 Am. St. Rep. 134, 32 L. R. A. 595, 38 Pac. 414].) By an analogy of reasoning it must also be true that a provision in a will that the legatee shall not resort to law for, the collection of any claim or demand upon the testatrix's estate for a debt, which, if not relinquished, might be recoverable, is a lawful provision and will be enforced. (*Rogers* v. *Law,* 66 U. S. (1 Black, 253) 253 [17 L. Ed. 58, see, also, Rose's U. S. Notes].) If such a provision has been included in the will in controversy the legatee must make a choice as to whether she will take what the will gives her or take a chance of making good her claim to the estate or some part thereof. The question which she has to decide is the ordinary one which arises in almost every business transaction—whether the thing offered is worth the price demanded.

**[3]** The condition in the will hereinbefore set out provides that if any beneficiary ''shall commence any suit in any court whatsoever or by any ways or means, sue and disturb, . . . my executor herein named,'' or any other beneficiary, the legacy to the beneficiary who shall bring such suit shall be null and utterly void. We see no escape from the conclusion that the testatrix by the use of the language employed, which is much broader than the usual contest clauses in wills, intended to penalize the commencement of any suit whatever. And the appellant having made her choice of instituting and prosecuting a suit for the collection of the alleged debt against the estate cannot escape the palpable fact that there was a ''suit commenced'' by her.

**[4]** The rule that a forfeiture clause is to be strictly construed means simply that no wider scope is to be given

to the language employed than is plainly required. It does not require the court to put a strained or overtechnical construction upon the language employed, ignoring the essence of the condition imposed upon the legacy and refusing to give effect to the lawful intention of the testatrix to enable a legatee to affirm a will so far as it is to her own profit and at the same time repudiate the validity of its provisions which are for the benefit of others. No artificial distinctions are to be taken advantage of or quibbling indulged in to the end that a person plainly and palpably coming within the scope of the forfeiture clause may by "some hook or crook" escape the penalty of forfeiture.

[5] We find no merit in the argument advanced by appellant that by the terms of the will the testatrix directed that her "just debts" be paid; that among those debts was the one owed to her niece; that Mary A. Ballard was entitled only to the residue after the payment of the debts and legacies provided for in the will and being entitled only to such residue, she, as residuary legatee, was not disturbed from the "recovering, quiet enjoying and possessing" of what was left to her by the will, by reason of the suit prosecuted by the appellant to obtain the payment of the debt and as a consequence the condition against the bringing of any suit whatsoever was not violated. This argument is based upon the erroneous assumption that it is necessarily to be conceded that the debt sued for by the appellant was a "just debt" despite the absence of any proof to that effect. [6] It cannot, of course, be successfully maintained that the fact that the niece of the testatrix was prevented by the provisions of section 1880 of the Code of Civil Procedure from testifying in her own behalf proves or even warrants an inference that a debt actually existed. This section prohibits the parties, or assignors of parties, to an action or proceeding, or persons in whose behalf an action or proceeding is prosecuted, against an executor or administrator upon a claim, or demand against the estate of a deceased person, from being witnesses as to any matter or fact occurring before the death of such deceased person. To infer that because the claimant was prevented from testifying her claim was necessarily a good one would be to impute to this section the purpose of thwarting the payment of just claims. On the contrary, the purpose is to

prevent a claimant from mulcting an estate by proving by claimant's own testimony that which the decedent might perhaps disprove were his lips not sealed by death. Its declared purpose is to protect the estate from the possibility of fraud, perjury, and injustice. (*Monsen* v. *Monsen*, 174 Cal. 97 [162 Pac. 90].)

It is true that the testatrix directed that all her just debts should be paid. But it by no means follows that this evidenced an intent on the part of the testatrix that a suit commenced by a legatee for the collection of a debt would not be a suit of the character penalized in the forfeiture clause. The provision for the payment of just debts is included in the provision for the payment of the expenses of the last illness, the payment of the funeral expenses, expenses of administration *et cetera*. These are the phrases usually adopted as preambles to wills in general and were probably inserted with no idea of the stress which would be attempted to be placed upon them. "They are much like the formal, meaningless terms of endearment and pious phrases printed in the formal part of blanks for making wills." (*Estate of Porter*, 138 Cal. 618, 623 [72 Pac. 173].) On the other hand, the language in the forfeiture clause that a legacy was to be forfeited for the commencement of any suit was evidently adopted after consideration and with the purpose of effecting a definite object—the prevention of the institution of any suit whatsoever against the estate. It would be allowing the plain intent of the testatrix to be overthrown by indulgence in an overrefinement of reasoning to hold that despite the clearly and plainly expressed intention of the testatrix that no beneficiary bringing any suit whatsoever against the estate should participate in the distribution of that estate, nevertheless, appellant could with impunity commence an action and escape the penalty imposed therefor because of the fact that she alleges that the action commenced by her is for the collection of a just debt. It is, we think, immaterial, whether or not the debt was a just debt which appellant was entitled to recover had she been able to establish it by proper proof. This is so for the reason that the intent of the testatrix is so clearly and definitely expressed in the forfeiture clause as to allow no room for any other construction than that it was her intent, in the event any suit were brought by a legatee under the will, for any purpose whatsoever, including even the

collection of a "just debt," that the legacy of such beneficiary should thereby become null and utterly void.

Appellant relies largely upon the decision in the *Estate of Bergland,* 180 Cal. 629 [5 A. L. R. 1363, 182 Pac. 277], as holding that in the absence of proof of bad faith appellant was at liberty to institute the action without incurring the forfeiture. It was held in that case that the attempt in good faith to probate a later purported will, spurious in fact, but believed to be genuine by the party seeking its probate did not fall within the forfeiture clause of the genuine will. The decision in that case depended entirely upon the construction given the language used in the forfeiture clause which is entirely different from that in the instant case. The question decided was that an attempt to probate the later spurious will did not come within the prohibitions of an objection "to the distribution [of the estate] as made [by the will]." It was likewise held that such an attempt was not an "attempt to defeat the provisions of this will," inasmuch as the primary purpose of such an attempt was to establish what was believed to be the final expression of the testator's wishes and the fact that the establishment of the later will would necessarily defeat the provisions of the former will was only incidental. It was held, however, that a direct contest of the will would bring the contestant within the scope of the forfeiture clause regardless of the good or bad faith of the beneficiary. It cannot be said that the action to compel compensation, in the instant case, was only incidentally "a suit in any court whatsoever." This action falls squarely within the prohibition imposed in the forfeiture clause. This being so, the good or bad faith of the appellant is immaterial.

Under the particular and peculiar phrasing of the forfeiture clause the appellant was called upon to decide whether she would attempt to enforce her alleged claim or take under the will. Having made her choice of attempting to establish her claim rather than the choice of accepting the legacy, she must accept the penalty prescribed in the will for such an attempt—the forfeiture of the legacy.

The order is affirmed.

Waste, J., Myers, J., Kerrigan, J., Lawlor, J., Seawell, J., and Wilbur, C. J., concurred.