## In re AVORN DRESS CO., Inc.

District Court, S. D. New York.

Feb. 14, 1935.

Hahn, Abeson & Golin, of New York City, for trustee.

Archibald Palmer, of New York City, for respondent.

CAFFEY, District Judge.

A debtor in possession, under section 77B of the Bankruptcy Act (11 USCA. § 207), holds the property constituting the trust estate solely as an agent of the court. In consequence, he is without power, in the absence of previous explicit authorization, either to borrow money or to pledge the assets in his hands. Chicago Deposit Vault Co. v. McNulta, 153 U. S. 554, 561, 14 S. Ct. 915, 38 L. Ed. 819; Northern Finance Corporation v. Byrnes (C. C. A.) 5 F.(2d) 11, 13; Byrnes v. Missouri Nat. Bank (C. C. A.) 7 F.(2d) 978, 979, 980; Darling v. Cornstalk Products Co. (D. C.) 54 F.(2d) 670, 671.

It follows that, upon the undisputed facts, the assignment by the debtor to Sheinman of the accounts receivable was completely invalid. It follows also that the trustee's petition to require Sheinman to turn over all the collections of those receivables, as well as the uncollected accounts, should have been granted in its entirety.

Not alone was there absence of authority granted by the court to the debtor either to borrow money or to assign the accounts, but the borrowing and the assignment were flatly in the face of a prohibition in the order of July 26, 1934.

The respondent. urges that (1) he should have credit for $1,950 as advancements to the debtor, and (2) he should have priority for $1,390 owing to him for merchandise sold to the debtor while the latter was in possession.

As I see it, it is mere playing with words to denominate the $1,950 advancements, and they were plainly loans by the respondent to the debtor. I do not think the transaction, on the undisputed facts and the documents, lends itself to any other interpretation than that the three sums aggregating the $1,950 were loans. Otherwise, it would be easy by forms to evade substance and to render the court order, defining the debtor's powers, mere waste paper.

The question of the rights of the respondent, as a creditor of the estate to the extent of his claims which have arisen since the filing of the debtor petition

was approved, is not before the court at this stage and was not effectively brought before the court by an alleged defense or counterclaim set up as a part of the respondent's answer to the trustee's petition. The payment should be made to the trustee by the respondent. The trustee will hold the funds subject to the further order of the court. It is impossible at this time to determine, as between the respondent and other debtor-creditors or as between the debtor-creditors and the prereorganization petition creditors, or as between debtor merchandise creditors and other types of claimants to allowances on various accounts for services or disbursements either during the debtor proceedings or during the post liquidation order proceedings, what are the relative rights. No conclusion can properly be reached with respect to that phase of the matter without opportunity to all concerned to be heard. Some difficulties may occur in determining these relative rights, and the court should not hamper itself now by making an order which fixes a priority in favor of the respondent with respect either to the $1,950 or the $1,390.

What I have said is without prejudice to any one concerned hereafter asserting in the bankruptcy proceedings a claim to priority.

Referee's decision reversed. Settle order on two days' notice.