### In re MORGAN.
### No. 29572.

District Court, E. D. New York.
May 11, 1936.

Lewis, Marks & Kanter, of Brooklyn, for the National City Bank of New York, for the motion.

A. Welles Stump, of New York City, opposed.

W. V. Hagendorn, of Brooklyn, for Harriet Swain, judgment creditor, opposed.

George W. Cornell, of New York City, for administrator of Elizabeth Little, deceased, opposed.

Herman H. Kipp and Anna Wetzlich, creditors, in pro. per., opposed.

CAMPBELL, District Judge.

The debtor filed a petition under section 74 of the Bankruptcy Act, as amended (title 11, section 202, U.S.Code [11 U.S.C.A. § 202]), and during the pendency of the proceedings died.

This is a motion for the appointment of a receiver.

The objection to the appointment of a receiver has been withdrawn by those who would succeed to the property of the debtor, and but one creditor has opposed, but failed to submit to this court any authorities to sustain his opposition, and a motion for adjudication has been heard and not opposed before another judge of this court, on May 8, 1936.

After careful consideration, this court finds that it has jurisdiction for the following reasons:

■ 1. The filing of the debtor's petition subjected his property to the exclusive jurisdiction of this court. Section 74 (m), Bankruptcy Act, as amended (title 11, section 202 (m), U.S.Code [11 U.S.C.A. § 202 (m)]).

■ 2. The rights of all parties with reference to the debtor's property are the same as if a decree of adjudication in bankruptcy were entered on the day when the petition was filed. Section 74 (m), Bankruptcy Act, as amended (title 11, § 202 (m), U.S.Code [11 U.S.C.A. § 202 (m)]).

The debtor's death after the filing of the petition cannot affect the proceeding or abate it.

The filing of the petition under section 74 (m) of the Bankruptcy Act, as amended (title 11, § 202 (m), U.S.Code [11 U.S.C.A. § 202 (m)]) had the same effect as though an adjudication had been entered on the day of such filing; therefore, it seems to me that the effect of the debtor's death after the filing of the petition is no different and would create no different situation than would the death of a bankrupt after adjudication, and therefore on the death of the debtor the proceedings did not abate.

Section 8 of the Bankruptcy Act (11 U.S.C.A. § 26); Collier on Bankruptcy (13th Ed.) vol. 1, pp. 380, 381; Shute v. Patterson (C.C.A.) 147 F. 509; In re Agnew (D.C.) 225 F. 650; In re Hicks (D.C.) 107 F. 910; Matter of Spalding (C.C.A.) 139 F. 244.

■■ On the argument mention was made of section 74, as amended June 7, 1934, c. 424, § 2, 48 Stat. 922 (11 U.S.C.A. § 202a) to read as follows: "Said Section 74, as amended by the Act of March 3, 1933, shall include the personal representative of a deceased individual for the purpose of effecting settlement or composition with the creditors of the estate: Provided, however, That such personal representative shall first obtain the consent and authority of the court which has assumed jurisdiction of said estate, to invoke the relief provided by said Act of March 3, 1933."

That amendment, however, does not apply in this instance as the relief herein had already been invoked during the life of the debtor, and all of his property was thereupon placed in custodia legis, the debtor being left in possession

became in effect a trustee and can be succeeded by a trustee appointed as provided by the act.

Sufficient reasons appearing, this court has jurisdiction and may appoint a receiver to care for and preserve the assets of the estate pending the election or appointment of a trustee.

The motion for the appointment of a receiver is granted.

Submit order.