**In re SHAPERA.**

**WILLIAMS v. SEGOOL et al.**

**No. 5895.**

Circuit Court of Appeals, Seventh Circuit.

Oct. 24, 1936.

Rehearing Denied Dec. 2, 1936.

Charles A. Williams and Albert Martin, both of Chicago, Ill., for appellant.

John E. MacLeish, George W. Swain, and Merrill A. Russell, all of Chicago, Ill., for appellee Leona M. Segool.

Before SPARKS, Circuit Judge, and LINDLEY and BRIGGLE, District Judges.

LINDLEY, District Judge.

The order from which this appeal is taken was entered in the District Court in the course of administration of the estate of Shapera, debtor, under section 74 of the Bankruptcy Act as amended (11 U.S.C.A. § 202).

Prior to the institution of the proceedings, appellee Segool filed suit in the circuit court of Cook county to foreclose a trust deed upon the debtor's property, praying for a receiver. The state court, instead of appointing a receiver, upon stipulation of the parties, entered an order that the debtor should manage and operate the premises, collect the rents, and, after payment of necessary operating expenses, deposit the excess of receipts over such disbursements with the mortgagee's agent, to be applied, first, to the payment of real estate taxes and then to the principal and in-

terest due on the mortgage indebtedness. The debtor was permitted to occupy one of the apartments included in the mortgaged premises free of rent and to deduct $80 per month as compensation for services as janitor.

On July 6, 1935 the debtor's petition for extension or composition under section 74 was filed in the District Court. Thereupon the court entered an order approving the petition as properly filed and restraining the mortgagee and other creditors from continuing with foreclosure or other proceedings until the further order of the court. The debtor was placed in possession of the property and directed to file an account of receipts and disbursements. In pursuance of this order, the debtor, on July 25, 1935, filed his account for the period from June 1 to June 30, 1935, and included therein a disbursement of $600, out of the rents collected, to appellant, as his attorney, on account of "costs, expenses and fees in connection with filing of petition under section 74." Following this, on September 17, 1935, the court entered an order upon the debtor to pay in the court the $600, and, on October 25, 1935, the mortgagee filed her petition for an order upon appellant, as well as the debtor, to deposit the same. Appellant answered, in no wise objecting to the jurisdiction of the court. The petition and answer were referred to the referee as special master, who recommended that appellant be directed to repay the sum received by him. The court overruled exceptions to the report and directed appellant to pay the sum within ten days. From this order the present appeal has been taken.

It is contended that the order is reviewable only under section 24b of the Bankruptcy Act (11 U.S.C.A. § 47 (b), and hence that the appeal could be allowed properly only by this court. There is an apparent difference of opinion upon this proposition. In re Weinstock, 56 F.(2d) 829 (C.C.A.2); Calhoun v. Stratton et al., 61 F.(2d) 302 (C.C.A.6); Ohio Valley Bank Co. v. Switzer, 153 F. 362 (C.C.A.6); Wingert v. Smead, 70 F.(2d) 351 (C.C.A. 4); Slattery v. Dillon (C.C.A.) 17 F.(2d) 347. Rather than rest our decision upon any doubtful question of procedure, we prefer to dispose of the cause upon its merits.

Upon filing and approval of the petition, the District Court obtained exclusive jurisdiction of the debtor and his property. Section 74 of the Bankruptcy Act, subsection (m), as amended (11 U.S.C.A. § 202 (m). Thereupon the court's jurisdiction became exclusive and paramount. The mortgagee, recognizing this, filed its claim, and thus became a party to the proceedings. The court, therefore, had jurisdiction of the debtor and of all parties claiming any interest in any and all property of the debtor, including the mortgaged premises.

The account of the debtor showed that he had, within a few days prior to the commencement of the proceedings, paid to his attorney, for services rendered or to be rendered in the bankruptcy court, $600. This payment had been made out of the rents collected by the debtor under the order of the state court. Upon the entry of that order, the debtor, as the custodian appointed by the court, became charged with the duty of collecting the rents and accounting for the same in accordance with the court's order. No discretion was left to him as to disbursements of the rents. On the contrary, he was directed to pay the same to the mortgagee's agent. The funds were, therefore, of trust character, in the custody of the court, and the debtor was chargeable with faithful accounting for the same as a fiduciary. Mahaska County Bank v. Brown, 159 Iowa, 577, 141 N.W. 459. He could not rightfully divert them to any purpose other than that recognized by the decree of the court creating the trust relationship. Any payment made by him to any other person or other than in compliance with the provisions of said order was a violation of his trust obligation. Appellant was fully aware of this relationship. With knowledge of the limitations upon the debtor's authority, appellant received, from the latter, trust funds for a purpose wholly foreign to those purposes. The court rightfully, therefore, directed that he repay the moneys thus wrongfully received. Slattery v. Dillon, 17 F.(2d) 347 (C.C.A.9); Brott v. Davidson, 87 App.Div. 29, 83 N.Y.S. 1075.

Nor does the fact that the order provided that the stipulation might be canceled by either party alter the situation. Such right of cancellation was "subject to the further order of the court," imposed upon the order of the court no condition, and created in the debtor no discretion to expend funds except as directed.

The order is affirmed.