**URBAN PROPERTIES CORPORATION v. BENSON, Inc.**

No. 9608.

Circuit Court of Appeals, Ninth Circuit.

Dec. 13, 1940.

322

Lawrence Livingston, of San Francisco, Cal., and Stanley M. Arndt, and Livingston, Livingston & Arndt, all of Los Angeles, Cal. (Allen H. Barr, of San Francisco, Cal., of counsel), for appellant.

Seymour Gold and Francis F. Quittner, both of Los Angeles, Cal., for appellee.

Before DENMAN, MATHEWS, and HEALY, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal from an order of the district court denying the corporate appellant's (hereinafter called lessor) petition to have declared cancelled a lease between it and appellee (hereinafter called lessee, now a corporate debtor unable to pay its maturing debts and seeking relief under Chapter XI of the Bankruptcy Act, 11 U.S.C.A. § 701 et seq.), and for restoration of possession to lessor.

The lease in question, dated April 9, 1936, was of certain premises at the corner of 8th and K Streets, Sacramento, California. The rental under the lease was set at 7 per cent of the lessee's gross volume of business, with a minimum of $491 per month, plus taxes and insurance premiums. It is the character of lease in which the lessor's primary interest is in the ability of the tenant to conduct the business for a large gross volume of sales. Obviously, the lessor would be particularly concerned with any change in the lessee conducting the business and would seek in the lease terms to control it. In a sense, later to be considered, the lessee's unhampered management of the business is of the "essence" of the lease.

This appeal is concerned with the effect of the clause of the lease in which is sought such control of the lessee conducting the business on the demised premises by providing that: "It is agreed that if at any time during the term of this lease, in any judicial action or proceeding, a receiver or other officer or agent be appointed to take charge of the demised premises or the business conducted therein, * * * excepting with the consent of the Lessor first had and obtained, then Lessor shall have the right, at their option, immediately to terminate this lease, enter upon said premises and remove all persons therefrom."

On February 12, 1940, the lessee, without obtaining "the consent of Lessor", filed its petition under Chapter XI of the Bankruptcy Act. This petition set forth the fact that lessee was unable to pay its debts as they matured and that it proposed an arrangement with unsecured creditors. Upon the filing of the petition the bankruptcy court (the lessor having given no consent thereto) made its order continuing the debtor-lessee in possession and providing with reference to the taking charge of the business: "It is Ordered that the debtor continue in possession of its property, and shall operate its business and manage its property until further order of the Court, and shall have all title and exercise all powers of a Trustee in Bankruptcy, subject, however, at all times, to the control of the Court and to such limitations, restrictions, terms and conditions as the Court may from time to time prescribe, and as herein prescribed."

The order then provided that all checks of the debtor should be countersigned by the referee and that the compensation of officers should be fixed by the court. It restrained litigation against the debtor and interference with its property. The debtor was ordered to file a report of its operations in such form and manner as the court might designate, close its books of ac-

**323**

count as of February 10, 1940, and open new books as of February 12, 1940. Full jurisdiction to make any further orders amplifying, extending, limiting or otherwise modifying the original order was retained.

On February 28 the first meeting of creditors was held and a creditors' committee was elected. A conditional trustee was elected and appointed in the event it should be found necessary to appoint a trustee in bankruptcy. The creditors decided that the debtor should be continued in possession until further order of the court. On March 5 the court made its order to the effect that the order of February 12 should be continued in full force and effect.

On March 6, 1940, lessor gave written notice to lessee that its lease was terminated and cancelled under the provision of the lease above set forth. On the same day lessor filed the petition for the order which is the subject of this appeal. The lessee and the creditors' committee filed a motion to dismiss lessor's petition, and a petition to affirm the lease. By stipulation all of these proceedings were heard together by the referee on March 15, 1940. The material facts were agreed to and issue was joined on the legal right to cancel.

The referee held that the lease had been breached by the lessee, granted the lessor's petition, ordered the lease cancelled and the lessee to surrender the premises to the lessor. Upon a petition to review, the district judge reversed the referee's order on the ground "that no receiver had in fact been appointed," and that, being a forfeiture provision, the cancellation clause of the lease should be strictly construed against lessor, and ordered denied the lessor's petition.

The lessor presents two grounds for reversing the district court's denial of its petition for cancellation. Both contentions depend upon our interpretation of the law of California with respect to the termination of a lease having such a termination clause as here involved. Bryant v. Swofford Bros., 214 U.S. 279, 290, 291, 29 S.Ct. 614, 53 L.Ed. 997; Thompson v. Fairbanks, 196 U.S. 516, 522, 25 S.Ct. 306, 49 L.Ed. 577.

■ Section 1442 of the California Civil Code provides that "A condition involving a forfeiture must be strictly interpreted against the party for whose benefit it is created" and both lessee's and lessor's briefs agree that the section is prop-

erly construed for the purposes of this appeal by the California Supreme Court in Estate of Kitchen, 192 Cal. 384, at page 389, 220 P. 301, 303, 30 A.L.R. 1008, where, the court holds: "The rule that a forfeiture clause is to be strictly construed means simply that no wider scope is to be given to the language employed than is plainly required. It does not require the court to put a strained or overtechnical construction upon the language employed, ignoring the essence of the condition imposed * * *. No artificial distinctions are to be taken advantage of or quibbling indulged in to the end that a person plainly and palpably coming within the scope of the forfeiture clause may by 'some hook or crook' escape the penalty of forfeiture."

One of the lessor's contentions is that the order of the court that the "debtor * * * shall operate its business" made the lessee either the "officer or agent * * * appointed to take charge of the business conducted in the demised premises * * * without the consent of the lessor" described in the termination clause of the lease, thus giving "the right, at their option, immediately to terminate this lease, enter upon said premises and remove all persons therefrom," which right to terminate was properly exercised by the lessor. The other ground of reversal is a similar claim of right to terminate the lease because of the court's order that "the debtor continue in possession of its property." Our disposition of the contention that the lessee became an *officer or agent to operate the business* makes it unnecessary to consider the lessee's argument that under the statute a failure to appoint a receiver or trustee automatically gives to the debtor the right to "continue in *possession* of his property" (Section 342) and that such *continuance of possession* constitutes no change in the lessee's status under the lease.

Section 342 of the act provides that unless a receiver or trustee is appointed the debtor continues in possession of his property and shall "exercise all the powers of a trustee appointed under this title, subject, however, at all times to the control of the court and to such limitations, restrictions, terms, and conditions as the court may from time to time prescribe."

■ No trustee has the power to operate the business of the debtor until "authorized" to do so by the order of the court and then he operates it "subject to the control of the court." Hence, likewise,

**324**

the debtor continuing in possession has the power to operate the business only upon an order of the court so authorizing him. Until that order is made the doors of the Sacramento store would be closed to its customers and the trustee or the debtor in possession would have the duty of mere custodian or caretaker of the stock of goods formerly for sale. This is provided in Section 343: "§ 343 [743]. *Operation of business and management of property; reports.* The receiver or trustee, or the debtor in possession, shall have the power, upon authorization by and subject to the control of the court, to operate the business and manage the property of the debtor during such period, limited or indefinite, as the court may from time to time fix, and during such operation or management shall file reports thereof with the court at such intervals as the court may designate."

The question then is whether the lessee, deprived of its right to operate the business by the filing of its petition in the bankruptcy proceeding, became an "officer or agent of the court" "appointed to take charge of the business" on the premises demised to the lessee, warranting the termination of the lease, when the court made its order conferring on the lessee the "authorization by and subject to the control of the court, to operate the business."

■ The lessee claims that when, after losing its right to conduct its business by filing its petition, it is chosen from one of the persons named by the statute to conduct it under the control of the court, it is neither an "officer or agent" within the termination clause of the lease. With this we cannot agree. Section 1 (22) of the act, 11 U.S.C.A. § 1 (22), states that the word " 'Officer' shall include * * * custodian * * * and trustee, and the imposing of a duty upon * * * any officer shall include his successor and *any person authorized by law to perform the duties of such officer.*" (Emphasis supplied)

The statutory continuance of a debtor in possession subject to the control of the court certainly creates the debtor a "custodian" of the property under the court's control and hence an "officer". Cf. In re Shapera, 7 Cir., 86 F.2d 506, 507. Where the debtor becomes by the court's order the person authorized to operate the business, he becomes the "person authorized by law to perform the duties of such officer",

as the trustee. It is unnecessary in view of the statute's definition to go as far as the second circuit in terminating a similar lease and hold that a debtor in possession and chosen to operate the business is a "receiver within the meaning of that condition [for termination] of the lease." In re Walker, 2 Cir., 93 F.2d 281, 283. Undoubtedly he is a "court officer analogous to a receiver or trustee." In re Wil-Low Cafeteria, 2 Cir., 111 F.2d 83, 84.

■ However, whether or not the debtor is an officer within the provisions of Section 1 (22), the authorization to conduct the business under the control of the court is to conduct it not as a free lessee, but as "agent" for the court in its care of the interest of the creditors. In re Avorn Dress Co., D.C.N.Y., 11 F.Supp. 574. Lessee's function as agent may be regarded as "analogous" to a receiver in equity, In re Avorn Dress Co., 2 Cir., 78 F.2d 681, 683; In re Schulte Retail Stores, D.C. 8, D. N.Y., 22 F.Supp. 612, 615, or a combination of an ordinary trustee in bankruptcy and a receiver in equity, In re James Butler Grocery Co., D.C.E.D. N.Y., 12 F.Supp. 851, 852, or that of conducting the business "in trust for the benefit of the creditors." In re Martin Custom-Made Tires, 2 Cir., 108 F.2d 172, 173; In re Morgan, D.C.N.Y., 15 F.Supp. 52, 53.

Obviously, also, until the order of "authorization" the lessee was not the person to "take charge of the business." Nobody was. Its authorization might have been given to some other person, a receiver, (Chapter XI, section 322) or a trustee (Chapter XI, section 312; Chapter II, section 2 (17). Upon the court's authorization lessee became an officer or agent having such a function, subject to the court's control. It is immaterial that the lessee still owned the business. It had lost charge of it and when authorized by the court to take charge it was in a new and entirely different character of taking charge from that as lessee under the lease. The lessee had lost dominion of the conduct of the business for itself and that had been transferred to the court, which has the same exclusive jurisdiction of the debtor's property under Chapter XI as if a voluntary petition had been filed and a decree of adjudication entered. Section 312 (2). By the authorization to conduct the business lessee became the officer "appointed" to exercise that function, as that word should be interpreted under the California law.

One does not become an officer or court agent without appointment. Considering the character of the lease and the relationship of management of the business to the rental based on gross receipts, such a construction of the word "appointed" gives to the termination clause of the lease "no wider scope * * * to the language employed than is plainly required." The "essence" of the condition of the clause is a lessee *free* to conduct its business to produce a maximum of gross receipts. Any other interpretation would "put a strained or overtechnical construction upon the language employed, ignoring the *essence* of the condition imposed." Estate of Kitchen, supra.

The lessor was entitled to terminate its lease upon the order of the district court authorizing the lessee, a debtor in possession, to conduct the business on the leased premises and the district court erred in denying the lessor's petition to have its termination declared and the premises restored to it from its possession by the lessee-debtor.

Reversed.

HEALY, Circuit Judge (dissenting).

I think the order should be affirmed.

The lessor had the option to terminate only if "a receiver or other officer or agent be appointed to take charge of the demised premises or the business conducted therein".

No receiver or other officer or agent has been "appointed". The possession of the lessee was not disturbed and his conduct of the business suffered no interruption. True his continued operation of the business was "authorized" by court order subject to court supervision; and the lessor might with advantage to himself have reserved the option to cancel the lease on that account. But the actual event did not measure up to the contingencies provided against in the contract. To reach the conclusion arrived at by the majority it is necessary, I think, to stretch the language of the forfeiture clause beyond its ordinary sense. Thus the word "authorized" is substituted for the word "appointed", and the lessee himself is by analogy translated into "a receiver or other officer or agent appointed to take charge of" the premises or business. This seems to me a perversion of language as it is commonly understood by the man in the street.

The state statute (Civil Code, § 1442) provides, and it is the law generally, that a condition involving a forfeiture must be strictly interpreted against the party for whose benefit it is created. To decree a forfeiture it ought to appear to the court plainly and at once that the right asserted has been reserved, and this without resort to nice distinctions and questionable analogies. Here a clause unambiguous on its face is converted into a trap for the uninitiated and the lessee is surprised into the loss of a valuable property right.