**In re BURKE.**

No. 45022–B.

District Court, S. D. California, Central Division.

Feb. 27, 1948.

Grainger & Hunt and Reuben G. Hunt, all of Los Angeles, Cal., for petitioners.

Samuel A. Miller, of Los Angeles, Cal., for debtor.

HALL, District Judge.

By separate Petitions, five different Orders of the Referee are sought to be reviewed. The hearings on them were consolidated upon stipulation.

Each Order involves a ruling upon some aspect of the rights of the parties under the lease of the debtor upon her business premises.

The Petitioners for review in each case are the lessors in that lease, which was dated August 15, 1946, and was for a ten year period beginning with the date of possession by lessee on December 1, 1946. The rental was a guaranteed minimum of $750 per month, plus 7% monthly of the gross receipts in excess of $750. The guaranteed rental due on March 1st, April 1st and May 1st, 1947, was not paid, and the monthly accounting of gross receipts was not delivered. May 24th, 1947 the lessors served written notice that the lessee was in default for failure to pay the guaranteed rental and to make the accountings of gross receipts. And on June 4th, 1947, the lessors served written notice of termination and forfeiture of the lease for such defaults and the failure to cure them in a ten day period.

On June 6th, 1947, the lessee filed the within Petition of .Debtor for an Arrangement under Chapter XI of the Bankruptcy Act, 11 U.S.C.A. § 701 et seq., and the Referee made an Order continuing the debtor in possession, which is still in force, there having been no adjudication or appointment of a Receiver or Trustee to date. Thereafter, on June 26th, 1947, the lessors filed a Petition in the above entitled matter for an Order of the Referee declaring the lease terminated and asking possession, in which Petition the above defaults were recited and the flat statement made, "said lease was terminated according to its terms on June 4, 1947" (Ptn. B. 2, 1, 18). Said Petition also recited the provisions of the lease for termination upon assignment by operation of law, adjudication in bankruptcy, or the appointment of a receiver, and also stated that by the Petition, the lease was expressly terminated on each of such grounds. Upon hearing of the Petition, the Referee made Findings of Fact and Conclusions of Law expressly finding and concluding that the lease was terminated on June 4, 1947, prior to the filing of the Debtor's Petition. While the Findings make reference to the terms of the lease concerning termination by transfer by operation of law, and adjudication in Bankruptcy, or the appointment of a Receiver, these are merely recitals, as to the terms of the lease, and no conclusions that the lease was terminated by transfer by operation of law, or by adjudication in Bankruptcy, or the appointment of a Receiver, were made by the Referee. Indeed it is difficult to see how such conclusions could be reached by the Referee in view of the finding that the lease was already terminated prior to the filing of the Debtor's Petition.

The above Findings, Conclusions, and the Order thereon were dated August 13, 1947. Thereafter, and within 30 days (August 28, 1947), the debtor filed a petition to be relieved of such forfeiture under the provisions of Section 1179 of the California Code of Civil Procedure, and on August 29, 1947 the Referee made an Order granting such relief, upon payment of the rental for the three months mentioned above and filing of accounts of gross proceeds.

Upon this Order the lessors have filed a Petition For Review, and it will be the first of the five such Petitions considered.

It is the contention of the lessors in this respect that the above mentioned provision of the California law is not binding upon and has no application in the Bankruptcy Court, and that the only place relief can be obtained thereunder is in the State Court, and then only where there has been a previous judgment of forfeiture for non-payment of rent *in the State Court,* and then only where such State Court finds "hardship."

I cannot agree with the contentions of the lessors.

■ The rights of parties under leases to real property are governed by State law, Urban Properties, etc., v. Benson, 9 Cir., 116 F.2d 321, unless there are contrary provisions in the Bankruptcy Act, or other Federal law. And there are no such provisions contrary to Section 1179 of California C.C.P.

■ A proceeding in accordance with the terms of that Section are therefore proper in the Bankruptcy Court. The lessors invoked the Bankruptcy Court to secure its judgment that the lease had been forfeited prior to Bankruptcy. If they are right in their present contention that a judgment for relief from forfeiture can only be had in the courts of this State, then by the same token the courts of the State are the only ones having jurisdiction to declare a forfeiture. Otherwise, the Bankruptcy Courts would be used as the instruments of lessors to declare forfeitures only to leave the lessee remediless against a lawful but unjust forfeiture, i.e., one that involves "hardship." The proposition that Section 1179 of the California C.C.P. is applicable in and by the Bankruptcy Courts is so plain, that the point need not be further laboured.

■ The contention of lessors that Section 1179, Cal.C.C.P., is applicable only in cases of judgment for non-payment of rent is equally untenable. The procedure for relief from judgment of forfeiture for non-payment of rent only is found in Sec. 1174, Cal.C.C.P.; whereas, Sec. 1179 permits relief in all cases. The main difference in the two Sections lies in the procedure to be taken. Sec. 1174 requires no notice to the lessor, or hearing; whereas Sec. 1179 requires notice to the lessor and hearing by the Court. Sec. 1174 is automatic in its operation upon the payment of the money into court; whereas, Sec. 1179 is not automatic but requires a hearing, which may involve testimony, and certainly involves the exercise of judicial discretion in the determination as to whether or not there is hardship. See Bateman v. Superior Court, 139 Cal. 140, 72 P. 922. Inasmuch therefore, as the judgment of the Referee was that forfeiture had occurred not only on the ground of non-payment of rent, but also on the ground that the debtor (lessee) had not complied with the provisions of the lease regarding the report of gross income, the proceedings were properly had under Sec. 1179, C.C.P. The Finding and Conclusion of the Referee that as a matter of fact the forfeiture was a hardship upon the lessor, is not assailed as error by the reviewing lessors.

For the foregoing reasons the Order of the Referee relieving the debtor from forfeiture of the lease is affirmed.

## II.

■ After the above mentioned proceedings were had and order made relieving the debtor from forfeiture of the lease, the lessor filed another Petition for Order to Declare the Lease Terminated and for possession. This was filed on October 9, 1947, and, except for some minor changes and references to the forfeiture which they had previously contended, and the Referee held, occurred prior to Bankruptcy, was almost identical in language with the hereinbefore mentioned previous Petition filed by the lessors on June 26, 1947. This latter Petition was denied by the Referee on October 30, 1947 by written Order, but without Findings of Fact or Conclusions of Law. The lessors seek review of that Order, which will now be considered.

Even though there are no Findings of Fact or Conclusions of Law, it is ascertainable from the rather confusing record which comes here and from the Brief of the lessor, that the alleged errors of the Referee

in making the Order consist of the following Conclusions:

(1) That the filing of a Petition for Arrangement under Chapter XI is not the equivalent in law of an adjudication in bankruptcy where there is no such adjudication;

(2) That the Order of the Referee leaving the debtor in possession is not the equivalent in law of the appointment of a Receiver;

(3) That the filing of such a Petition by the debtor for an Arrangement under Chapter XI is not an assignment by operation of law of the lessee's interest and rights under the lease and does not change her status.

The pertinent provisions of the lease are found in Sec. 12 and read as follows:

"The interest of the Lessee under this lease shall not, except at lessors'' option and with their written consent, be assignable by operation of law. In case of the adjudication of the Bankruptcy of the lessee, or the appointment of a Receiver for lessee, or if a Receiver be appointed to take possession of the leased premises as a result of any act or omission of the lessee * * * the lessors at their election may, without notice, terminate this lease and enter upon said premises and remove all persons therefrom;"

By Sec. 70, sub. b, of the Bankruptcy Act, 11 U.S.C.A. § 110, sub. b, "an express covenant (in a lease) that an assignment by operation of law or the bankruptcy of a specified party thereto or of either party shall terminate the lease or give the other party an election to terminate the same shall be enforceable."

I agree that the Referee committed no error in holding that the filing of a Petition for Arrangement by a debtor under Chapter XI of the Act is not the equivalent in law of a Petition for adjudication in bankruptcy. While the Act in Sec. 341 provides that the powers and duties of the officers of the court and the rights, privileges, and duties of the debtor shall be the same *as if* Petition for adjudication had been filed and the Decree of Adjudication been entered at the time of the debtor's Petition was filed, I cannot read this as carrying the same legal meaning that would flow when there is a Petition for adjudication as a Bankrupt or an adjudication in Bankruptcy is actually made. The Section and the whole scheme of Chapter XI recognize the distinction between the filing of the debtor's Petition and an adjudication or the filing of a Petition in Bankruptcy. Section I(2) of the Act, 11 U.S.C.A. § 1(2), defines adjudication to mean "a decree that a person is a bankrupt." No adjudication has occurred herein and none may ever occur.

Moreover, it does not appear to have been the intention of the parties to the lease at the time it was drawn to have such a debtor's Petition considered as such equivalent. The lease is on the stationery of a lawyer, and it is thus presumed the parties were advised of their rights. It was dated in 1946, at a time when Chapter XI had been on the Statute books for some years. It provides only for forfeiture in case of *the adjudication* of the Bankruptcy of the lessee." In light of the distinction in the Act between Arrangements under Chapter XI and adjudication in Bankruptcy, as well as a specific definition of "adjudication," it is difficult to see how language with plainer or more restricted meaning could have been used in the lease. Had the parties intended that the filing of a petition as a debtor under Chapter XI would be grounds of forfeiture, it would have been easy enough for them to have said so. It must be remembered in this connection that the law does not favor forfeitures, and that forfeiture provisions in leases must be strictly construed.

Nor can I agree that the Referee erred in holding that the Order leaving the debtor in possession was the equivalent in law of the appointment of a Receiver.

The lessors contention is that the Order appointing the debtor in possession is tantamount to the appointment of the Receiver, because of the provisions in the Act that in such event the debtor in possession shall have the title and exercise all the powers of the Trustee. But this argument overlooks the provisions in the Act that the power of the Court is in the alternative to *either* continue the debtor in possession *or* appoint a Receiver, *or* appoint a Trustee.

The Court in Urban Properties v. Benson, 9 Cir., 116 F. 321, held that the debtor in possession was an "agent" of the court. And while there is dicta to the effect that such debtor was an "officer" of the Court, it is noted that the decision turned upon the conclusion that the debtor was merely an "agent" of the Court and that the word "agent" is not used in Sec. 341. In that case the lease provided that *"if by any judicial action or proceeding a Receiver* or other officer *or agent* be appointed to take charge of the demised premises or the business conducted therein," (italics supplied) then the lessor could terminate the lease. No such broad language appears in the lease involved in this matter. The terms of forfeiture in the instant lease in this respect are specifically limited to the appointment of a Receiver. Had the parties intended to cover anything other than the actual appointment of a Receiver, they could have used language as broad as the Urban Properties case.

It is also significant that Urban Properties Corporation v. Benson, supra, did not hold that the debtor was a Receiver, but only an agent of the court.

While the Second Circuit has held that the appointment of the debtor in possession is a "Receiver" under a termination clause of a lease (In re Walker, 93 F.2d 281), the refusal of the 9th Circuit to adopt that conclusion in Urban Properties Corporation v. Benson is indicative that they did not agree.

I do not agree that the Referee erred in holding that the filing of a Petition for an Arrangement by a Debtor under Chapter XI, when there is no adjudication in Bankruptcy, is not an assignment by operation of law.

It is not to be doubted that the parties could have so provided in their lease, but they did not do so. As heretofore indicated, the language of the lease must be strictly interpreted. The provision in the lease upon which they rely (quoted above) is immediately followed by the provision that, "in case of the adjudication of the Bankruptcy of the Lessee", the forfeiture may result. Whatever else is unsettled in relation to Bankruptcy law, I think it is well settled that upon adjudication of the Bank-

ruptcy of any person, title to whatever property they possess (not exempt) passes "by operation of law," from the person so adjudicated. That principle was as well settled in 1946, when the lease was drawn as it is now. And had the parties intended the clause upon which they rely in this connection to mean what they now contend it means, they would have omitted the clause for forfeiture "in case of the adjudication of the Bankruptcy of the Lessee."

Passage of title by operation of law occurs in many ways other than under the Bankruptcy Act, and it must be concluded that such passage of title was what was in the minds of the parties when they drafted the clause for forfeiture by assignment by operation of law. Having limited themselves to forfeiture under the Bankruptcy Act only to when there would be an adjudication of Bankruptcy, it must follow that they did not intend such forfeiture upon the occasions of other proceedings in Bankruptcy, when no adjudication takes place, such as the instant case. From the terms of the lease, it is apparent that the parties did not intend the filing of a Petition under Chapter XI without an adjudication to be an assignment by operation of law.

Even if this were not correct, I cannot read the Act to sustain the contention of the lessors.

It is true that Sec. 342 provides that a debtor in possession shall have all the title of a Trustee, and that Sec. 70, sub. a, provides that a Trustee takes title to all of the property of a bankrupt as of the date of filing a Petition in Bankruptcy, and that Sec. 70, sub. i, provides that upon the confirmation of an Arrangement the title revests in the debtor. But it is also true that Sec. 342, places limitations upon such passage of title. Those limitations are that the title is *"subject,* however, at all times to the *control* of the court *and* to such limitations, restrictions, *terms,* and *conditions as the court* may from time to time prescribe." The "control of the court" was exercised when the Referee reinstated the lease and cancelled the forfeiture by his Order of August 29th, 1947, which Order it must be noted was an "Order relieving lessees from forfeiture," and not an Order relieving

*debtor* from forfeiture. The Order required the *lessee,* not the debtor, to pay the sum of $2,250 due as rent. The Order was made, of course, after the Petition of debtor was filed under Chapter XI, and after the Order was made putting the debtor in possession. It, therefore, was an exercise of the "control of the Court," on the title which passed when such Petition under Chapter XI was filed, and on the title which the debtor-in-possession took, and was most certainly an express limitation, restriction, term, and condition on the title to all of the property of the debtor which would pass by operation of law under Chapter XI proceedings, to the effect that the debtor-in-possession did not take the title of the lessee by operation of law.

If there were any question that the "control of the Court" were so exercised by such Order, then certainly such "control" was exercised, and such "limitations, etc.," were placed upon the *title* of lessee under such lease by the Order of the Referee immediately under discussion, which held that such title did not pass by operation of law from the lessee to the same person as debtor-in-possession.

The above two Orders can thus only be read as holding, under the power given to the Court to control the quantum, quality, or nature, of title which may pass under Sec. 342, that *whatever title* Irene v. Burke has, she has as the individual lessee, and not as debtor-in-possession, and that the filing of the Petition under Chapter XI, and the Order continuing her in possession did not change her status, or the status of her title under the lease.

I do not read the Act as requiring such "control of the Court," or such, "limitations, etc.," on the passage of title to be made on any particular type or kind of Petition to be filed before the Referee, nor one to be filed at any particular time. That is, it would not be necessary to designate a Petition as one to limit or control the title passing under the Act as to any particular property or the Petitioners' property generally. Nor must it be filed at the time of filing the Petition of the debtor under Chapter XI. But such, "control of the Court" can be exercised, and such, "limita-

tions, etc.," can be placed when the issue is posed before the Referee, as it was done in this case on the making of the Order of August 29, 1947, relieving the lessee from forfeiture, and the Order immediately under discussion (and for that matter in each of all five of the Orders under review).

The provisions of §§ 342, 70, sub. a, and 70, sub. i, must be reconciled with the whole scheme of Chapter XI, to permit arrangements, if possible, without forfeiture of the debtor's property, and with the provisions of Sec. 343 giving the debtor in possession, subject to the control of the court, the power to operate the business and *manage the property of the debtor.* The contentions of lessors would not permit such reconciliation. The provisions of Sec. 70, sub. b, to the effect that an express covenant in a lease that an assignment by operation of law shall be enforceable, does not mean that it is self enforcing, or automatically enforcing but that it is enforceable, subject to the other provisions of the Bankruptcy Act (of which Sec. 342 is one) which provisions, as above pointed out, do not permit forfeiture in the instant case. The provisions in Sec. 70, sub. i, do not affect or change the situation, as the title "revests" only when it has been divested. A Chapter XI Petition can be filed after adjudication, and upon such adjudication the Bankrupt would be divested of title. In such instance, the title having been divested, it would of course have to "revest," if an arrangement were approved on a Chapter XI Petition filed after adjudication. Sec. 70, sub. i, can thus be given effect and is not in disharmony with the above views on the construction of the Act.

Neither the filing of the Petition for Arrangement under Chapter XI, nor the Order of the Referee continuing the debtor in possession, changed the status of the title of the lessee in the instant case. (This point was raised but not decided in Urban Properties, etc., v. Benson, supra.)

### III.

Coming now to the Referee's Order denying lessors' Petition for payment of $750 a month as "Preferred" rent:

Here again there are no Findings of Fact or Conclusions of Law. The matter

is made worse by the fact that nowhere in the Petition filed with the Referee, or the Petition for Review, or the Certificate on Review, or the briefs of the parties, is there any clear indication as to what is meant by "Preferred Rent," or what State or Federal law is relied upon or controlling. The term is not used in the Bankruptcy Act, or in the lease. As near as I can find from the very confusing record, the lessee has tendered to the lessor the sum of $750 per month from the date of her occupancy, which sum is required by the lease as a minimum monthly rental. The lessors are claiming the lease was forfeited. The sum they seek as "Preferred" rent is the same monthly sum as the monthly minimum under the lease, viz., $750 a month, and that sum is tendered them, but they refuse to accept it, unless the Referee will at the same time declare the lease forfeited. Thus by this contrivance of a Petition for "Preferred" rent, the lessor is seeking to review the same questions involved in the two Petitions for Review disposed of in the above discussions in the Memorandum. The Referee's Order is affirmed.

## IV and V.

The remaining two Petitions for Review involve the Order of the Referee denying lessors Petition for Liquidation, and the Order of the Referee denying lessors' objections to confirmation of Plan for Arrangement. The basis of the Referee's Order in each instance was the same, viz., that the lessors are not creditors or parties in interest and have no standing, to either Petition for Liquidation or object to any plan of Arrangement. Upon that premise the Referee refused to hear any evidence offered by lessors.

In view of the fact that the lease is in full force and effect, and that all payments due under it have been paid or tendered to lessors, the lessors are not creditors. By the terms of Sec. 353 of the Act, a lessor in a lease not in default, becomes a creditor only when the lease is rejected. No such event has occurred in the instant case. Nor are they parties in interest, either insofar as a Petition for liquidation is concerned or insofar as any proposed arrangement is concerned unless the proposed plan

of arrangement rejects the lease, or involves its transfer without their consent, or a proceeding is commenced for its rejection by Order of the Referee.

The lessors were aggrieved by the Orders of the Referee, and were entitled to Petition for Review of such Orders under the provisions of Sec. 39, sub. c, of the Act, 11 U.S.C.A. § 67, sub. c. Had they prevailed in their contentions that the lease was forfeited, they would then be creditors. Whether the proposed plan of arrangement involves the transfer of the lease, or otherwise affects its terms does not appear in the record sent to this reviewing court. And there are no Findings of Fact or Conclusions of Law. For that reason the two Petitions for Review involved will be re-referred to the Referee for Findings and Conclusions on that point.